FENN *vs.* RILS.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

When the owner of property seized in execution, becomes the purchaser at twelve months' credit on his bond, he acquires no new title or right. As to him it is not legally a sale, but merely a means by which the creditor acquires additional security.

A sale where the debtor buys in his property on a twelve months' bond, does not cut off previous incumbrances as relates to the debtor himself, nor is his previous title or possession changed by the adjudication.

So, where A sold B one third of a lot of ground by private act, which was seized by a creditor of A, before the act was made authentic and recorded, and by him (*i. e.* A.) bought in on his twelve months' bond : *Held*, that a sale of this property to C, under execution issuing on the twelve months' bond of A, was invalid : *Held*, also, that the sale from A to B took effect as to third persons, from the time it was recorded, saving the rights such persons had, in the mean time, acquired in or to the property.

If A sells property of which he is not the owner, and he afterwards acquires title, that title vests at once in his vendee.

This is an action of partition, in which the plaintiff claims the one undivided third part of a lot of ground in the possession of the defendant, who claims the entire lot under a sheriff's sale. The facts and pleadings of the case, and evidence of the respective claims of the parties are fully stated in the opinion of the court.

The District Judge who tried the cause, was of opinion, that the first seizure of the lot in question being made by a creditor of the plaintiff's vendor, before the act of sale from the debtor to the plaintiff was made authentic and duly recorded, created a privilege under the article 722 of the Code of Practice, which enacts, that "the seizure of immoveable property under execution creates a privilege in favor of the seizing creditor, and that it made the property liable to the execution issuing on the twelve months' bond."

Judgment was rendered in favor of the defendant with costs. The plaintiff appealed.

*Stacy*, for the plaintiff, filed the following points :

1. The facts of this case seem to warrant a different judgment than was given by the judge *a quo*. The law arising on these, shows that the plaintiff ought to recover. The facts are, that Weatherly, being the owner of a lot of ground in Plaquemine, on the 22d of December, 1832, sold for cash, by *private act*, one undivided third part of it to Fenn, the plaintiff, and on the 6th of August, 1833, the parties to the private act acknowledged it before the parish judge and two witnesses, and had it duly recorded. This is the plaintiff's title.

2. On the 23d of June, 1833, the *whole* of this lot was seized by a creditor as the property of Weatherly, on several judgments against him, but not recorded. On the 8th of August the lot was offered for sale by the sheriff, and bought in by Weatherly, on his twelve months' bond. No mortgage was reserved on the property sold, in the sheriff's deed of sale. On the 22d of October, 1834, the twelve months' bond not being paid, the property was again seized and sold to satisfy it, when the defendant, Rils, became the purchaser of the entire lot for one thousand two hundred dollars. This is the title under which he claims.

3. These facts show that the plaintiff's title was perfected by authentic act the 6th of August, 1833, before the first sale, which gave effect, as between the parties to the private act from its date, as an authentic act. *Louisiana Code*, 2239.

4. Weatherly, by his purchase at the sheriff's sale, on the 8th of August, 1833, only acquired the rights in and to this property, which he had not previously sold and still remaining, to wit, two undivided thirds.

5. The defendant, Rils, who purchased at the last sale, was neither a third party or creditor of Weatherly, at the time of the sale to the plaintiff of one third of the lot in question. 1 *Martin, N. S.,* 384.

6. The private act between the plaintiff and Weatherly, was recorded and made public nearly a year before the date of the sale to Rils, and has effect as against him from its date. 2 *Louisiana Reports,* 70. 3 *Ibid.,* 425.

7. The article (722) of the Code of Practice under which the district judge decided this case, does not apply. It is admitted that the seizure of an immoveable gives a privilege to the seizing creditor over other creditors; this, however, ceases when his claim is satisfied. But where the property, as in this case, was sold and purchased in by the debtor, he could acquire no greater rights under the sale than he had before, to wit, two thirds, (the other third being sold by him to the plaintiff previously.) The debt of the seizing creditor was satisfied and his rights merged in the twelve months' bond. The defendant, therefore, acquired no right or title to the plaintiff's undivided third part in the disputed premises.

*Labauve,* for the plaintiff and appellant, argued the case on the same side in court.

*Hiriart* and *Burk,* for the defendant, filed the following points:

1. The defendant's title is absolute to the whole of the lot in contest, by the sheriff's sale on the 2d of October, 1834, which delivered and transferred the rights acquired by the purchaser under the twelve months' bond on the 6th of August, 1833, and those of the seizing creditor in the proceedings had previously and before the act of sale to plaintiff was made authentic and recorded.

2. The date of the seizure was previous to the completion of the plaintiff's title by authentic act. This is sufficient, if it had been only one day previous, to disable the debtor from selling and making a complete title, the title under private signature signifying nothing in this case.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff alleges that he is owner of one undivided third of a certain lot of ground in the village of Plaquemine, of which the other two thirds belong to J. B. Rils, the defendant, and he sues for a partition. The defendant denies the ownership of the plaintiff of any part of the lot in question, and sets up title to the whole as his exclusive property. The only question, therefore, presented by the pleadings, is whether the plaintiff has shown a better title to any part of the lot than the defendant.

The whole lot was formerly the property of J. P. Weatherly, who by act under private signature, purporting to be dated the 22d of December, 1832, sold and conveyed one undivided third to Fenn, the plaintiff. This act was afterwards, on the 6th of August, 1833, duly acknowledged before the parish judge and two witnesses, and recorded in the parish where the property is situated.

In the interval between the date of the private act and the time at which it was recorded, to wit, on the 23d June, 1833, the lot was seized by creditors of Weatherly on execution, and finally sold on the eighth day of August, 1833, and was purchased by Weatherly himself, on a twelve months' bond.

When the twelve months' bond fell due, execution was issued upon it and the same property was again seized and sold by the sheriff, and Rils, the defendant, became the purchaser. In the sheriff's deed to Rils, which bears date 22d of October, 1834, the property is described, and the sheriff conveys it to the defendant, and all the right, title and interest of Weatherly to and in the premises.

Such are the material facts of the case, as shown by the record, and the question this court is called upon to solve is, how much did Rils acquire by the sheriff's sale? That he

acquired all the right and title of Weatherly at the time of the sale, may be safely assumed as undeniable, and then the question presents itself in a new form, to wit, whether the whole lot or only two thirds of it belonged to him at that time. If, in the interval between the first sheriff's sale, when Weatherly became the purchaser, and the second when the property was adjudicated to Rils, Weatherly had by authentic act duly recorded, sold and conveyed one third, it appears to us clear, that only his remaining interest could have passed by a sheriff's sale subsequently made. It is, perhaps, equally clear, that if Rils had purchased at the first sheriff's sale under the seizure made previously to the recording of Weatherly's sale to Fenn of one third, he would have acquired the whole lot, because that sale being under private signature could have no effect against third persons until recorded, and the whole property continued liable to seizure by the creditors of Weatherly. The inquiry, therefore, seems to resolve itself into this : What effect is to be given to the adjudication of the property under the first sheriff's sale to Weatherly himself, as relates to the title of Fenn who had previously acquired one third by purchase from Weatherly? or in other words, what rights did Weatherly acquire by that purchase? We had occasion to examine that question in the case of *Offutt et al.* vs. *Hendsley et al.*, *ante* 1, in the Western District, and after much reflection we came to the conclusion, that when the owner of property seized on execution becomes the purchaser at twelve months' credit, he acquires no new title or right. That in truth, as to him it is not legally speaking a sale, but merely a means by which the creditor acquires additional security for his debt. Such a sale cannot be considered as cutting off previous incumbrances as relates to the debtor himself, nor is the character of his previous title or possession changed by such adjudication. We therefore think the intermediate sheriff's conveyance to Weatherly may be laid entirely out of view, considering him as continuing in possession under his previous title, the sale made by him to Fenn, which was always binding on him, took effect as to third persons from

EASTERN DIST.
*January*, 1836.

FENN
*vs.*
RILS.

When the owner of property seized in execution, becomes the purchaser at twelve months' credit on his bond, he acquires no new title or right. As to him it is not legally a sale, but merely a means by which the creditor acquires additional security.

A sale where the debtor buys in his property on a twelve months' bond, does not cut off previous incumbrances as relates to the debtor himself, nor is his previous title or possession changed by the adjudication.

So, where A sold B one third of a lot of ground by private act, which was seized by a creditor of A, before the act was made authentic and recorded, and by him (*i. e.* A) bought in on his twelve months' bond : *Held*, that a sale of this property to C, under execution issuing on the twelve months'

the time it was recorded, saving the rights which such persons had in the mean time acquired in or to the property. But, even supposing that Weatherly had acquired a new title by the sheriff's conveyance, that new title as between him and Fenn would have accrued to the benefit of the latter ; for it is considered as settled that if A sells property of which he is not the owner and he afterwards acquires title, that title vests at once in his vendee.

The defendant, Rils, had acquired no right at the time the deed to Fenn was recorded ; he does not appear to have had at that time any interest whatever. He first became interested at the time he purchased at sheriff's sale, and therefore he can avail himself of the want of recording the deed to Fenn, only so far as he represents the creditors at whose suit the property was seized in the first instance. Their claims collectively amounted to less than two hundred dollars. The seizing creditors had a right to make that amount out of the property, notwithstanding the private sale to Fenn.

This court being, for these reasons, of opinion that the plaintiff has shown title to one third of the property in question, subject to one third of the twelve months' bond and one third of the incumbrances of a date previous to August 8th, 1833, so far as they have not been paid by the sale of the other two thirds, and that the defendant acquired by the sheriff's deed only two undivided thirds of the property.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and it is further ordered that the case be remanded with directions to the judge to proceed to a partition according to law, and that the defendant and appellee pay the costs of the appeal.