EASTERN DIST.
*April*, 1838.

STOKES
*vs.*
SHACKLEFORD
ET AL.

STOKES *vs.* SHACKLEFORD ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE
PARISH OF EAST BATON ROUGE, THE JUDGE THEREOF PRESIDING.

Where property is purchased by the husband during marriage with the funds of the wife, it belongs to the community, and not to the wife as paraphernal.

The heir cannot claim against the warranty of his ancestor, but is estopped by it from asserting title, although, the title never vested until after the ancestor's death.

If the vendor sells without title at the time of sale, but acquires title afterwards, it will accrue to the benefit of the vendee.

The obligation of warranty descends to the heir of the vendor, and one of its first objects is, the buyer's peaceable possession of the thing sold. In this respect, the obligation is indivisible, although in regard to damages consequent on eviction, each heir may only be bound for his virile share.

Parole evidence will not be received to show that the husband purchased certain property at the probate sale, of his mother-in-law's succession, for his wife.

The plaintiff for himself and as tutor of his minor child, instituted this suit to recover one hundred and sixty acres of land, which he alleges, the defendants, John Shackleford and Joseph Cooper, without color of title, have taken into their possession, and refuse to deliver up. He shows, that he purchased said land at the probate sale of the succession of his wife's mother, for the sum of five hundred and ten dollars. He prays that it be restored to him, and decreed to belong to him and his minor child.

The defendants excepted to the plaintiff's capacity to sue, and averred, that the sale of the land by the Court of Probates was made to effect a partition among the heirs of Judith Cooper, of whom the plaintiff's wife was one, and was adjudicated to the plaintiff in right and for his wife,

EASTERN DIST.
*April*, 1838.

STOKES
*vs.*
SHACKLEFORD
ET AL.

who received it as her paraphernal property; wherefore, no action can be maintained without her appearing as plaintiff, aided by the husband.

The defendant Cooper, in a separate and amended answer, claimed title under a sale from plaintiff's wife in her lifetime, she being authorized by the judge to sell in the absence of her husband.

On these pleadings and issues, the parties went to trial.

The plaintiff exhibited evidence of his tutorship, and the sale and adjudication of the land in question to himself, by the judge of probates, as alleged.

The defendants offered in evidence, the sale of the wife to the defendant Cooper, in November, 1836, while her husband was absent, and also showed that Cooper, and Shackleford, his tenant, had been in possession two years, and made crops.

The defendants also offered parole evidence to show, that this land was purchased at the probate sale of Mrs. Cooper's succession, by the plaintiff, for and in the name of his wife, who was an heir. The testimony was objected to as inadmissible, when the *procés verbal* of the sale itself was in evidence. The objections were sustained, and a bill of exceptions taken.

Judgment was rendered in favor of the plaintiff, decreeing the land to him and his ward; and allowing sixty-three dollars damages for the detention of it, &c.

The defendants appealed.

*A. N. Ogden,* for the plaintiff.

*Elam,* for the defendants, contended, that the land in question was the paraphernal property of the plaintiff's wife, sold at the sale of her mother's succession, to effect a partition. The adjudication of it was virtually made to her, and for her benefit, and the agency of her husband could have been shown by parole evidence.

2. In a sale and purchase of paraphernal property, the heir has a right to bid, and parole proof of agency in ano-

EASTERN DIST.
April, 1838.

STOKES
vs.
SHACKLEFORD
ET AL.

ther's bidding for the heir is admissible. *Louisiana Code, articles* 2371, 2603. 7 *Martin,* 244. 1 *Louisiana Reports,* 520.

3. The parish judge had jurisdiction, and the wife was legally authorized to sell. *Louisiana Code,* 3522, *No.* 20. *Code of Practice, articles* 81, 129. *Civil Code of* 1808, *p.* 28, *article* 26. *Acts of* 1807, *p.* 128, *sections* 65, 67.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff in his own right, and as tutor of his minor child, sues for a tract of land under the following circumstances.

His wife, the mother of the minor, being entitled to receive a portion of her mother's estate, the property was sold at public auction, with a view to a partition, and the land in question was adjudicated to the plaintiff, who was also to receive a share coming to one of the minor heirs, whose tutor he was. In a settlement with the co-heirs he is charged with several sums of money and the price of the land, and the wife jointly with him signed a receipt for her share of the estate. She afterwards, with the authorization of the parish judge, in the absence of her husband, sold the land to the defendants, and since the death of the wife this suit is brought to recover it.

*Where property is purchased by the husband during marriage, with the funds of the wife, it belongs to the community, and not to the wife as paraphernal.*

The purchase having been made during the existence of the marriage, and in the name of the husband, we are of opinion, that the land belonged to the community, and not to the wife as paraphernal. *Louisiana Code.*

*The heir cannot claim against the warranty of his ancestor, but is estopped by it from asserting title, although the title never vested until after the ancestor's death.*

The wife was, therefore, without capacity to sell it under the authorization of the judge, and the purchaser acquired no title. With respect to one undivided half of the land, therefore, we consider the husband's title good.

But if the minor has any right or title, it must be as heir of his mother; and the question presents itself, whether he can claim against his mother's warranty, or whether he is not estopped or precluded by the exception of warranty? It is clear that although she was without title at the time of the sale, yet if she had acquired title afterwards, it would have accrued to the benefit of her vendee. No such thing

*If the vendor sells without title at the time of sale, but acquires title afterwards, it will accrue to the benefit of the vendee.*

occurred during her lifetime, but on her death her heirs became seized of one undivided half of the property composing the community. The obligations of warranty descend to the heirs of the vendor, and one of the obligations of warranty, indeed the first, is the buyer's peaceable possession of the thing sold. *Louisiana Code,* 2451. In that respect, the obligation is indivisible, although, with regard to damages, consequent upon an eviction, each heir may be bound only for his *virile* share. The minor plaintiff claiming through his mother, as heir at law, can have no better right than she had, and if she could not recover back the land, neither can her heir.

The court, in our opinion, did not err in refusing to let in parole evidence to show that the plaintiff purchased at the probate sale for his wife.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and proceeding to render such judgment, as ought, in our opinion, to have been given below, it is further adjudged and decreed, that the plaintiff, Young R. Stokes, recover of the defendant one undivided half of the tract of land described in his petition, and that the defendant be quieted in his title to the other half; the costs of the District Court to be paid by the defendant, and those of the appeal by the plaintiff and appellee.