ELIZABETH NOULEN and others *v.* JOHN PERKINS.

Where one entitled to claim a tract of land, as an actual settler prior to the twentieth of December, 1803, under the act of Congress of the third of March, 1807, relative to land claims in the territories of Orleans and Louisiana, sells all his right, title, and interest therein, and the claim is subsequently confirmed in the name of the original settler, the confirmation will enure to the benefit of his vendee.

One who sells all his right, title, and interest in an improvement made on the public lands, must be considered as parting with all the ulterior advantages to which he may be entitled in virtue thereof.

APPEAL from the District Court of Madison, *Curry*, J.

*Copley*, for the appellants.

*Stacy*, for the defendant.

BULLARD, J. The plaintiffs assert title to a tract of land of six hundred and forty acres, on the bayou Vidal, being a confirmed

claim B, No. 1507, which their ancestor acquired from James Ussery on the twentieth of July, 1826, and alleges that the defendant John Perkins has taken possession of it, and sets up title to the same. They pray for judgment for the land, and for ten thousand dollars for rents and profits.

The defendant's answer denies the heirship of the plaintiffs, and the capacities in which they sue. He further sets up title in himself derived from Elias Barnes, who he avers had a good title by a regular chain of conveyances from James Ussery, in whose favor the title was confirmed by certificate B, No. 1507, and who sold the same in July, 1808, to one Yearington. He further avers, that if Ussery ever sold the tract of land to Noulen, the sale was fraudulent and void, as Noulen knew at the time of said sale that Ussery had previously divested himself of title. He pleads prescription; asserts that the plaintiffs have recognized his title by fixing the boundary line between said tract and the Marble tract belonging to said Noulen; and concludes by calling in his warrantors, the heirs of Barnes. The latter cited the heirs of Joshua G. Clark, as their warrantors.

The plaintiffs have appealed from a judgment against them.

Both parties claim to hold under Ussery, who, in 1811, appears to have obtained a confirmation from the Land Commissioners at Opelousas, of his claim to the land in dispute, which claim was founded on settlement and occupancy by the claimant, with the permission of the Commandant of Concordia, on and previously to the twentieth of December, 1803. The land is described as situated on the bayou Vidal, bounded on one side by Thomas Marble, and on the other by vacant land.

The plaintiffs gave in evidence an act of sale from Ussery to James Noulen, their ancestor, dated in 1826, in which the land is described, as "a claim tract of land on the bayou Vidal, bounded on the north-east by the Marble tract of land, and extending thence down the bayou to John Perkins' corner."

The defendant, on the other hand, gave in evidence a deed from Ussery to Yearington, in which he acknowledges to have sold to him all his right, title, interest, and claim to an improvement which he made on lands belonging to the United States on the bayou Vidal, about eight miles down the bayou from the com-

mon landing place, now adjoining the improvement of Thomas Marble and Wilkinson.   This deed bears date the 2d July, 1808, and appears to have been recorded in the office of the Parish Judge of the parish of Warren in 1812.   This deed, and the recording of it, we consider sufficiently proved, by evidence properly admitted on the trial.

It appears, then, that Ussery, shortly after the passage of the act of Congress of 1807, relating to actual settlers before the cession of Louisiana, sold to Yearington all his right, title, interest, and claim to his improvement on the public lands, and that the claim was afterwards confirmed in the name of the original settler; and the question is, whether such confirmation enured to the benefit of Yearington, and his assigns.   We cannot regard this as an open question.   The case of *O'Brian's Heirs* v. *Smith,* 16 La. 95, appears to us directly in point, as well as several others to which we refer.   See 9 La. 99.   12 Ib. 172.

But it is contended by the plaintiffs' counsel, that Ussery sold, not the *land*, but his *improvement;* that the *land* was not his at the date of his deed, and he could not sell it, but that his intention was to sell nothing more than his clearing.   Words used by parties in their contracts, are to be taken in their ordinary signification.   In common parlance a man who sells his *right, title, interest, and claim* to an improvement made by him on the public lands, must be considered as having parted with all the ulterior advantages to which he may be entitled, in virtue of his improvement, under the laws of the country.   The contrary construction supposes the sale of a mere abstraction—a thing difficult to conceive—an improvement without any right *to,* or title *in* the land upon which the improvement was made, which never could be either delivered or enjoyed, and inseparable from the land itself.

Being of opinion, that the confirmation enured to the benefit of Yearington, and that Noulen acquired no title by his contract with Ussery in 1826, we consider that the plaintiffs have failed to show title in themselves, and cannot recover; and that it is not necessary to examine other questions which arose in the progress of the trial.

*Judgment affirmed.*