## No. 7811.

PIERRE FILLASTRE VS. A. ST. AMAND. ON OPPOSITION OF JULIE POURCIAU.

The giving of a twelve-months bond does not extinguish the claim of the seizing creditor against the seized debtor.

While the claim is not extinguished *quoad* the mortgage, the sale transfers it to the proceeds, the right to take these proceeds when *in esse* being evidenced by the twelve-months bonds.

The mortgages being transferred by operation of law to the proceeds, which take the place of the property, they are transferred with the rank existing on the day of sale.

Where property has been sold under execution to pay mortgage debts, the rights on the property to which the price was to be applied are extinguished as far as the property is concerned and are transferred to the fund. It is not, therefore, necessary to re-inscribe the mortgage to preserve their rank as against the fund.

But where the seized debtor buys at a sale on twelve-months credit, the sale operates a mere prolongation of time with security, and the mortgages are not transferred from the property to the fund. Re-inscription is then necessary.

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupée. *Yoist*, J.

Hewes & Parlange and C. E. Schmidt for plaintiff and appellant :

The third opponent cannot contend that plaintiff's twelve-months bond under which the property was sold is extinguished, and at the same time claim the proceeds of the judicial sale made to satisfy that very bond. 29 An. 274 ; 3 An. 454 ; 22 An. 135 ; 23 An. 245.

The mortgage at the foreclosure of which the property was sold on a twelve-months bond ceased to exist after the sale. The law substitutes to it the special mortgage which secures the bond. C. P. art. 693, ¿ 7. It is, therefore, unnecessary to re-inscribe the original mortgage.

When, as in this case, the sheriff has taken from the purchaser several twelve-months bonds, corresponding to the respective claims of the mortgagees, and execution afterward issues on one of said bonds, the creditors should be paid from the proceeds, according to their original rank, which the bonds represent.

Edward Phillips for third opponent and appellee :

The respective original mortgages of plaintiff and third opponent having been lost for want of re-inscription, and both parties holding the twelve-months bonds of the purchaser, furnished when plaintiff's said original mortgage was foreclosed, the third opponent is entitled to a *pro rata* distribution of the proceeds of the sale afterward made by execution on the twelve-months bonds. 9 La. 1 ; 16 La. 164 ; 3 An. 144 ; 7 Rob. 73 ; 2 An. 242.

It is only as long as the *proceeds* of the sale remain in the hands of the

sheriff that they are subject to the original mortgages, but no longer. C. P. art. 401 ; 7 Rob. 87 ; 14 An. 423.

As soon as the proceeds have been distributed by order of court the mortgages cease to exist. The twelve-months bonds are the *proceeds* themselves of the sale, and the holders of the same are on a footing of equality together.

---

The opinion of the court was delivered by

WHITE, J. Fillastre, and Pourciau, the third opponent, held special mortgages on certain real estate. In 1871, Fillastre obtained a writ of seizure and sale to enforce his claim, under which writ the property was sold. At the date of the sale, which was made on twelve-months credit, the mortgage of Fillastre was first, that of Pourciau second in rank. The twelve-months bonds furnished by the purchaser were given first to Fillastre, then to Pourciau, to the amount of their respective shares, or rather claims, the price bid being sufficient to pay both. The deed of sale by the sheriff with which the twelve-months bonds were identified was duly recorded, as were also the bonds furnished by the purchasers, all on the same day, in the order of rank of the respective mortgage creditors for whose claims they were given. Thereafter, the original mortgages of both Fillastre and Pourciau perempted, after which Fillastre took execution on his twelve-months bond, and bought the property for an amount less than the sum due him under the bond held by him, and on which the execution issued. Pourciau, as third opponent, claims a *pro rata* distribution of the proceeds, on the ground that the failure to re-inscribe the original mortgages reduced both claims to an equality of rank. This proposition is founded upon the theory that as the twelve-months bonds did not extinguish until payment the original claims, therefore, the right of the parties as to rank of mortgage depended after the sale upon the continuation of the rank existing prior thereto ; and as both mortgages are perempted, no guide by which to determine the priority exists, and the parties as holders of concurrent bonds furnished as the price of a sale are equal in dignity of claim. That the giving of a twelve-months bond does not before its payment extinguish the claim of the creditor against the seized debtor, has long since been determined. Offut vs. Hendsley, 9 La. 1. In fact, even without the guide of jurisprudence, a like conclusion would, as an original question, be inevitable, since to hold the converse would be to say that by the act of seeking to enforce payment the creditor would without obtaining the payment which he sought of necessity abandon his claim against his debtor.

We take it that the effect of the giving of a twelve-months bond is to create without novation a new debtor, the extinction of the new

obligation carrying with it the extinction *pro tanto* of the old. This-
being true, does it follow as a necessary consequence that the original
mortgage continues notwithstanding the sale, in a case like the one now·
before us, where the sale was made at the instance of the first mortgage
creditor, and, there being no privileges ranking that of the seizing·
creditor, the bonds were delivered to and and accepted by the creditors ?·
We think not, because, as a legal consequence, the effect of the sale is to
pass the property to the purchaser free from mortgages, and to transfer
them to the proceeds. Offut vs. Hendsley, 9 La. 1 ; Tollain vs. Brous-
sard, 9 Robinson, 72.

In fact, to hold the converse would be of necessity to say that the-
drawer of the twelve-months bond would on payment be subrogated to
the original mortgage and claim, a theory now long since negatived.
3 A. 66, 205, 540. Nor is it an answer to say that the effect of the giving
of the bond not being to extinguish the claim until payment of the
bond, therefore the accessory right of mortgage should subsist. The
fallacy lies in confounding the extinction of the mortgage with its trans-
mission to the proceeds, which for the purposes of distribution take the
place of the property. This being an inevitable deduction, it follows·
that the rank of the mortgage existing on the *property* need not be pre--
served after the sale, as it only thereafter exists *quoad* the proceeds. To
obtain the opposite view would not only involve a logical absurdity, that
it was the duty of the ranking mortgage creditor to preserve his mort-
gage as regards property upon which it no longer bore, but also to hold
that the act of the first mortgage creditor in attempting the legal
enforcement of his rights had destroyed them. That this *reductio ad·
absurdum* cannot be escaped is obvious ; for if the mortgage on the·
property be raised by operation of law, and the bond given to the first
mortgage creditor as evidence of his *pro tanto* right to the proceeds be
concurrent with the bond given a second mortgage creditor for his *pro·
tanto* share, then, by operation of law, the first mortgage creditor would
have destroyed the rank of his mortgage. The true theory is, that the
proceeds are as it were considered in place of the property, and the
mortgages attach to them with the rank which they had on the prop-
erty. Now, where the sale is made on twelve-months credit, the bond
evidences simply a right to take the proceeds with rank as fixed by the
sale, and hence, with priority of rank in favor of the mortgages in their·
order. Nor can it be said that as re-inscription·would have been neces--
sary to preserve the rank of mortgages on the property, therefore, the
proceeds taking the place of the property, it was alike required. The·
rights were fixed by the sale, and as long since said by this court :
"Where property has been sold under execution to pay mortgage debts,
the mortgages upon the property to which the price was to be applied.

are extinguished as far as the property is concerned, and the rights of parties are transferred to the funds." It is not, therefore, necessary to re-inscribe the mortgages to prevent their inscription being barred by ten-years prescription. Wright, Williams & Co. vs. Trustees of the Bank of the United States, 7 A. 123 ; 8 A. 505 ; 13 A. 559.

These reasons dispose of the question presented from a purely abstract view. There is, however, a question of fact which renders them not entirely applicable. Alphonse St. Amand was the seized debtor ; at the sale on twelve-months credit the property was adjudicated to himself and A. Bonanchand, they thus becoming undivided co-proprietors. The doctrine that the mortgages are transferred to the proceeds does not obtain where the seized debtor becomes the purchaser. Offut vs. Hendsley, 9 La. 1. Such a sale is considered a mere prolongation of time with security. 9 La. 99 ; 12 R. 206. This being granted, we consider that *quoad* his purchase the original mortgage remained on the property, and its re-inscription was necessary to preserve its rank, and that hence a *pro tanto* distribution follows as to one half of the proceeds. Of course our opinions above expressed are restricted to the case before us, and are not to be extended to cases arising where from the nature of the sale the fact that it was not made by the first mortgage creditor might possibly give rise to the application of other principles.

The judgment below is reversed, and, rendering such judgment as should have been rendered below, it is ordered that the plaintiff be recognized as entitled to take by preference over the third opponent one half the fund, the other half to be distributed pro rata between the plaintiff and the third opponent, the costs of appeal to be borne by the third opponent, those below by the plaintiff.

Rehearing refused.