(37 South. 966.)

No. 15,281.

CITY OF NEW ORLEANS v. RIDDELL
(BUTLER, Intervener).

(Jan. 30, 1905.)

VENDOR AND PURCHASER—SUBSEQUENTLY ACQUIRED TITLE—ESTOPPEL.

1. Where one sells property of which he is not owner, any title which he may subsequently acquire inures to his vendee.

2. This rule operates though the vendee sign as a witness the subsequent act of purchase. In such a case the signing as a witness does not furnish ground for estoppel.

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of Orleans.

Action by the city of New Orleans against P. G. Riddell. David J. Butler intervenes. Judgment for defendant was reversed by the court of appeal, and Butler applies for certiorari or writ of review. Reversed.

Lapeyre, Monroe & Breazeale, for applicant. Dinkelspiel & Hart, for respondent.

PROVOSTY, J. This case is here on writ of review to the court of appeal, parish of Orleans. It is an expropriation suit. The controversy is between the defendant and an intervener. The intervener claims to be the owner of the property by virtue of a promise of sale from defendant, and to be entitled to receive the price of the expropriation. There is in the record a good deal of parol evidence, but, the matter involved being title to real estate, all this evidence was properly ruled out by the district court, and improperly considered by the court of appeal, and must be ignored.

The case is peculiar. In 1897, while the property belonged to one Mrs. House, the defendant executed a promise of sale of the same in favor of intervener, $20 of the price being paid cash, and the balance of $80 being payable in monthly installments of $4. All the payments were duly made, as witnessed by the receipts of the defendant on the back of the promise of sale. The promise of sale has never been recorded. The last payment was made on the 7th of January, 1899. Forty-eight days thereafter, on the 24th of February, 1899, Mrs. House, in whose name the property still stood of record, sold it, by act under private signature, to one Mrs. Kirkling. Defendant signed the act as witness, and made the affidavit required by law for its registry. Mrs. House's maiden name was Riddell, the same as that of defendant. Mrs. Kirkling died, and the property was inventoried as belonging to her succession, and her brother and sole heir, one Wm. Lewis, was sent into possession. The latter, on the 9th of September, 1902, sold it, by act under private signature, to the defendant. The intervener signed the act as a witness, and made the affidavit for its registry. The price of the sale was $150 cash. That of the sale to Mrs. Kirkling had been $100 cash. In his answer to the intervention the defendant denies that the intervener "owns or ever owned" the property.

Such are the facts. Our conclusion upon them is that the title acquired by defendant inured to the benefit of intervener, to whom he had promised to sell the property.

Stokes v. Shackleford, 12 La. 170; Lee v. Ferguson, 5 La. Ann. 533; Bonin v. Eyssaline, 12 Mart. (O. S.) 189; McGuire v. Amelung, Id. 649. The part which intervener played in the transfer to defendant, standing unexplained, is singular. Inasmuch, however, as intervener does not claim title otherwise than from defendant himself, it cannot possibly afford any ground for estoppel. Defendant knew that he had made this promise of sale, and that he had never retired it.

The case must be decided from the documents, and the law as applicable to them. If it be true that defendant has left outstanding a promise of sale which should have been retired, he has but himself to blame for having done so, and must bear the consequences. The case cannot be decided from conjectures, however plausible. Besides, defendant's theory that the property was put in the name of Mrs. Kirkling as a matter of accommodation to intervener would lead to the inference that Wm. Lewis also was holding for intervener, and that the transfer to defendant was in pursuance of some plan between the parties. Furthermore, that theory is inconsistent with the allegation of the answer that intervener has never owned the property.

The judgment of the court of appeal must be set aside, and that of the district court reinstated, and it is so ordered; defendant to pay the costs of appeal and of this court.