No. ——
First Circuit

---

CODIFER v. HOLDSWORTH

---

(February 15, 1928. Opinion and Decree.)

---

(Syllabus by the Editor)

1. Louisiana Digest—Sales—Par. 47.
There is nothing illegal in giving a promise of sale of property of which the title is not in the promissor.

2. Louisiana Digest—Sales—Par. 34, 47; Estoppel—Par. 32, 37.
One who promises to sell property which he does not own is estopped from pleading want of ownership as a defense.

3. Louisiana Digest—Sales—Par. 37, 47; Estoppel—Par. 32, 37.
The promissor in a promise of sale has no right to take advantage of his own dereliction in carrying out an obligation which he had expressly agreed to perform.

4. Louisiana Digest—Attorneys—Par. 59.
Attorney's fees of plaintiff are not allowed as part of judgment against defendant in a suit for breach of contract of promise of sale.

Appeal from the Parish of St. Tammany. Hon. Prentice B. Carter, Judge.

Action by Joseph W. Codifer against Edwin T. Holdsworth.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Frederick C. Querens, of New Orleans, attorney for plaintiff, appellee.

L. V. Cooley, Jr., of Slidell, attorney for defendant, appellant.

LECHE, J. Joseph W. Codifer entered into a contract of promise of sale with Edwin T. Holdsworth, through John J. Driscoll, a real estate broker. The contract was written and signed on December 7, 1925; it describes the land, stipulates the price, of which sixty dollars was deposited and which amount was expressly agreed not to be earnest money, fixes a limit of sixty days for the execution of the sale, and it further stipulates that either party shall have the right to demand specific performance. There were further stipulations in the contract to the effect that interest at eight per cent per annum should be paid by the purchaser during any delay and that in the event the title is not valid

and cannot in a reasonable time and at reasonable expense be made valid, the contract should be null.

It seems that at the time Holdsworth listed the property with Driscoll, he only had evidence of title to a portion of the property, the rest thereof appearing as being owned by his brother and sisters, but that in point of fact Holdsworth was either acting for his co-owners or really owned the whole of the property. As soon as the contract was signed, Holdsworth proceeded to obtain written sales from his co-heirs in order to put of record written evidence of his ownership. This involved a delay which extended a little over thirty days beyond the time limit fixed in the contract for the execution of the sale. This delay was not objected to by Holdsworth, but was caused entirely by his tardiness in obtaining a valid conveyance from his co-heir, Mrs. Updegrove, who lived in the State of Texas.

As soon as the evidence of Holdsworth's title was completed, plaintiff formally notified Holdsworth that he was ready to accept title, pay the balance of the purchase price and to pass the sale, and he appointed a time and place for that purpose. Holdsworth failed to appear and refused to carry out his agreement. Hence this suit for specific performance.

There are two main defenses on the part of Holdsworth.

The first is that the agreement is null and void as containing a promise to sell property that did not belong to him. He is effectually estopped from pleading such a defense. He represented himself as owner of the property and to permit him now to say that he was not the owner in order to evade an obligation voluntarily entered into by him would be to sanction misrepresentation and bad faith on his part. Besides, this, there is nothing wrong or illegal in promising to sell the property of another. The promissor may be a confidential agent of the owner or he may anticipate the acquisition of the property. A promise of sale is not always equivalent to a sale. The French dictum that "promesse de vente vaut vente" is not always true. There are many decisions of the Supreme Court recognizing the difference between a sale and a promise of sale. See Trichel vs. Home Insurance Company, 155 La. 459, 99 So. 403; Capo vs. Bugdahl, 117 La. 992, 42 So. 478; Barber Asphalt vs. St. Louis Cypress Co., 121 La. 167, 46 So. 193; Lehman vs. Rice, 118 La. 975, 43 So. 639. It was also held in the City of New Orleans vs. Riddell, 113 La. 1051, 37 So. 966, that a title acquired by one inures to the benefit of another to whom he had promised to sell the property.

Another defense is that plaintiff only offered to perform, after the time limit fixed in the contract had expired. It is patent from the evidence that defendant passively and actively agreed to the delay encountered in the preparation of a valid act of sale. He did so through his agent. Driscoll is a broker and, as such, was the agent of both parties, C. C. Art. 3016, and, beyond this, Driscoll was expressly vested with mandatary power in the contract of promise of sale signed by Holdsworth. He knew that it would take time to perfect his title to the property, and he is responsible for the unusual delay in procuring the deed from Mrs. Updegrove, which deed was signed on March 19, 1926. The delay fixed in the promise of sale was fixed at sixty days and therefore expired on February 7, 1926. Plaintiff carried out his offer to perform on March 24, 1926, or within a delay which is reasonable within the intendment of the contract, and which was brought about by the negligence or non action of the defendant. Defendant has no right to take

advantage of his own dereliction in carrying out an obligation which he had expressly agreed to perform.

There is no merit to either of these defenses. The judgment of the District Court is in favor of plaintiff, whose only complaint in his answer to defendant's appeal is that the trial court should have allowed him attorney's fees in the sum of one hundred and twenty ($120.00) dollars. If the district judge had granted this demand this court would have had to reverse that part of the judgment as there is no law to justify such claim in a suit of this kind. He makes no other complaint as to the correctness of the judgment, and it will therefore be affirmed as rendered and signed.