This is a suit on a promissory note calling for the sum of $159.73 less $20 paid on account thereof or $139.73.
The defendant admits his signature to the note, but denies any personal liability upon the ground that "said note was made upon the instructions of United States Referee in Bankruptcy intended to evidence the unpaid balance on said Coldspot Electric Refrigerator No. 4026 which respondent purchased from said plaintiff and from the personal liability of which respondent was released before said United States District Court for the Eastern District of Louisiana".
There was judgment below in favor of the plaintiff as prayed for and defendant has appealed.
The case was tried upon a stipulation of fact, from which it appears that the defendant, Burnett, purchased a refrigerator from the plaintiff, Sears Roebuck Company, on October 25th, 1940, for the sum of $162.73, for which he gave his note secured by a chattel mortgage and that, after Burnett had made several small payments, he was on March 1st, 1941, adjudicated a bankrupt, when there was due a balance of $153.73; that on April 5, 1941, a new act of sale and chattel mortgage was made for the sum of $159.73, including the sum of $6, the amount of the Court costs incurred by Sears Roebuck Company in connection with a rule which it had filed in the bankruptcy proceeding for the rescission of the sale. This second sale of the refrigerator was made pursuant to an agreement, which was approved by the Referee in Bankruptcy and, thereafter, on September 5, 1941, it was ratified at the first meeting of the creditors of the bankrupt, as appears from the following order of the Bankruptcy Court: "Let the bankrupt estate of Ira Henry Burnett disclaim and abandon all right, title, claim, interest, advantages or ownership in, to, or against, one Cold Spot Electric Refrigerator now held by the bankrupt, conditioned as follows, to-wit: 1st: That the Bankrupt does continue his contract with Sears Roebuck Company and, 2nd: That Sears Roebuck Company does pay over to the trustee, to be hereinafter elected, the sum of Ten Dollars ($10.00) as its proportionate share of the administrative costs of this bankrupt estate".
It is the contention of the defendant that the agreement made after his adjudication in bankruptcy involved no personal responsibility for the reason that the title to the refrigerator had vested to the bankrupt estate at the time of his adjudication. Furthermore, it is said, that the claim for the purchase price of the refrigerator was listed among the obligations of the bankrupt, for which he was granted a discharge without opposition.
The case is not free from technical difficulty, but we believe the presence of plaintiff's claim among the debts for which the bankrupt was discharged was an error, and that, it was clearly the intent of all parties that the refrigerator should be restored to the bankrupt upon condition that he continue or renew the arrangement for its payment as originally contemplated. If the title to the refrigerator was, at the *Page 554 
time of its sale in the trustee in bankruptcy, as claimed, it was later abandoned to plaintiff by the resolution adopted by the meeting of the creditors of the bankrupt. The rule invoked by plaintiff's attorney applies: "If property is sold by a vendor who has no title thereto, but who afterwards acquires title, the acquisition of title inures to the benefit of the vendee. Noulen v. Perkins, 3 Rob. 233; Wells v. Blackman, 121 La. [394], 415, 46 So. 437; Fenn v. Rils, 9 La. 95; Stokes v. Shackleford,12 La. 170; Lee v. Ferguson, 5 La. Ann. [532], 533; Barkley v. Succession of Steers et al. 47 La.Ann. [951] 957, 17 So. 438; Benton v. Sentell, 50 La.Ann. 869, 24 So. 297; City of New Orleans v. Riddell, 113 La. 1051, 37 So. 966." Guice v. Mason,156 La. 201, 100 So. 397, 398.
Our conclusion is that the judgment appealed from is correct, consequently, and
For the reasons assigned it is affirmed.
Affirmed.