O’NIELL, Chief Justice.
 

 This is a petitory action, and is a repetition of a case decided by this court on March 28, 1904, entitled Óurs et al. v. Gray et al., 112 La. 214, 36 So. 326. The plaintiffs in the previous suit were the heirs — or at least some of the heirs — of Hiram Ours, who died many years ago. The plaintiffs in this suit are the heirs of the same Hiram Ours. The defendants in the previous suit were Fleullein H. Gray and others, in possession as owners of the land in contest; the defendants in the present suit are in possession as owners of the land by mesne conveyances from Fleullein H. Gray and the other parties who were the defendants in the previous suit. The land in contest is a tract containing 651.54 acres known originally as Rio Hondo Claim No. 271, and is conceded to be the same tract of land that was in contest in the previous suit. In that suit the demands of the plaintiffs were rejected by the judgment of the district court and the judgment was affirmed by this court. The defendants in the present suit therefore-pleaded res adjudicata, but the judge of the district court found that some of the heirs of Hiram Ours were not parties to the original suit; hence instead of sustaining the plea of res adjudicata as to some of the plaintiffs the judge decided-this case on its merits as to all of the plaintiffs and rejected their demands, for the same reason for which the court had rejected the demands of the plaintiffs in the previous suit. The plaintiffs are appealing from the decision.
 

 The claim of Hiram Ours, known as Rio Hondo Claim No. 271, was approved on
 
 *519
 
 November 1, 1824, and was confirmed by an act of Congress of May 24, 1828, 4 Stat. 301, 43 U.S.C.A. § 694. A final certificate was issued on December 13, 1852; and a patent was issued in the name of Hiram Ours, his heirs and assigns, on April 12, 1902. It is therefore conceded that Hiram Ours acquired title on November 1, 1824, to the 651.54 acres of land now in contest. The defendants hold title through mesne conveyances from Rees Perkins, and claim that he acquired title from Hiram Ours by deed dated April 20, 1825. It appears that the original settler was Rebecca Carter, who was the mother of Hiram Ours. She sold her claim to him on March 21, 1823, by a deed in which the claim was described as “a certain improvement situated on the Bayou Denn, together with the house and all the appurtenances thereunto belonging, which said improvement I [Rebecca Carter] defend to the aforesaid Mr. Hiram Ours his heirs and assigns forever, against all claim or claims whatsoever, except Congress.” On April 20, 1825, on the same sheet of paper on which was written the deed from Rebecca Carter to Hiram Ours, he sold the claim to Rees Perkins, describing it as all of his right, title and interest in the within mentioned improvement; and in the description of the claim Hiram Ours stipulated that should the improvement be granted or donated by the United States, the patent should issue in the name of Rees Perkins or his legal representative. On December 29, 1837, Rees Perkins sold the land, under a complete description, to John Stine. .On April 25, 1860, John Stine sold the land to Leon Verdun. On August 31, 1869, the land was bought by Adeline' and Theodore Verdun from the Succession of Leon Verdun. On October 11, 1869, Adeline and Theodore Verdun sold the land to Ruben F. Gray. The defendants hold a complete chain of title from Ruben F. Gray.
 

 The plaintiffs contend that by the deed dated April 20, 1825, Hiram Ours did not transfer to Rees Perkins his claim to the land, but transferred only the improvements on the land. In the decision rendered by this court on March 28, 1904, in the case of Ours et al. v. Gray et al, it was decided that the description in the sale made by Hiram Ours to Rees Perkins on April 20, 1825, was sufficient to transfer title not only to Hiram Ours’ improvements on the land but also to his claim to the land itself. The description in the deed was substantially the same as the description in the deed by which Hiram Ours acquired the claim of Rebecca Carter on March 21, 1823. In deciding that Hiram Ours’ sale of his so-called “improvement” to Rees Perkins was the sale of the claim to the land itself, the court took into consideration the stipulation in the deed that if the United States Government should grant the “improvement” the patent should issue in the name of Rees Perkins or his legal representative. There was ample authority for the court’s holding that by the sale of a so-called “improvement”, in those days, the parties might well intend to convey the claim founded upon the “improvement”, or upon what is called settlement and occupation. In the case of Noulen v. Perkins, 1842, 3 Rob. 233, it was held: “One who sells all
 
 *521
 
 his right, title, and interest in an improvement made on the public lands, must be considered as parting with all the ulterior advantages to which he may be entitled in virtue thereof.”
 

 The wording and the stipulations of the deed from Rebecca Carter to Hiram Ours and of the deed from him to Rees Perkins leaves no doubt that each deed conveyed not only the improvements on the land but the claim to the land itself.
 

 The patent which was issued to Hiram Ours, his heirs and assigns, on April 12, 1902, inured to all parties holding title directly or by mesne conveyances from Hiram Ours. In fact it is stated in the patent itself that it was issued with the stipulation contained in Section 2447 of' the Revised Statute of the United States, 43 U.S.C.A. § 1151, that the patent “Shall only operate as a relinquishment of title on the part of the United States, and shall in no manner interfere with any valid adverse right to the same land, nor be construed to preclude a legal investigation and decision by the proper judicial tribunal between adverse claimants to the same land.”
 

 We see no reason why we should depart now from the decision rendered in Noulen v. Perkins, 1842, 3 Rob. 233, and repeated in Ours et al. v. Gray et al., 1904, 112 La. 214, 36 So. 326, 328. Accordingly, our opinion is that the description in the sale from Hiram Ours to Rees Perkins dated April 20, 1825, was sufficient to convey title to the claim of Hiram Ours to the land now in contest.
 

 The defendants, having had possession of the land continuously under titles emanating from the parties who were the defendants in the suit of Ours et al. v. Gray et al., pleaded the prescription of 10 years and of 30 years. The defendants in the suit of Ours et al. v. Gray et al. also pleaded the prescription of 10 years and of 30 years. In that case the court stated that the plea of prescription — at least the prescription of 10 years — was well founded, but that the title of the defendants was complete without the plea of prescription. The court declared:
 

 “We are brought to a consideration of the plea of prescription, which serves no great purpose, although well pleaded, for really it occurs to us that the title is complete, correct, and legal without the prescription invoked by defendant.
 

 “Stine, one of the authors of defendant, acquired the property over 30 years ago by authentic act, and over 30 years ago he transferred the property by an act similar in form. The last purchaser has been in possession over 10 years, has improved the property, and his title was in every respect one translative of property which he re-, ceived in good faith.”
 

 Considering that the defendants in this case have held possession successively for more than 40 years since the decision was rendered in the case of Ours et al. v. Gray et al., and have held under titles emanating from the parties who were the defendants in that suit, there should be no doubt that the pleas of prescription would be availing in the present case if the pleas were necessary to sustain the titles of the defendants.
 
 *523
 
 As in the case of Ours et al. v. Gray et al. we find it unnecessary to apply the plea of prescription of either 10 or 30 years in this case.
 

 The judgment appealed from is affirmed at the plaintiffs’ cost.