342 So.2d 1167 (1977)
Charles H. FARRIER
v.
Percy GUILLORY and Christine Fazzio Guillory.
No. 11152.
Court of Appeal of Louisiana, First Circuit.
February 14, 1977.
*1168 Gerard E. Kiefer, Baton Rouge, for Charles H. Farrier.
Edwin A. Smith, Jr., Baton Rouge, for Percy Guillory and Christine Fazzio Guillory.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge.
Plaintiff Charles H. Farrier, a realtor, brings this suit against Percy Guillory and Christine Fazzio Guillory for $15,000.00, allegedly due on a promissory note, or alternatively, due under a promise to pay that amount. After trial on the merits, judgment was rendered in favor of plaintiff and defendants have appealed.
With Mr. Farrier acting as realtor, Perco, Inc., a corporation wholly owned by defendants, agreed to sell certain property to Rosal Investment Corporation.
For tax reasons, Mr. and Mrs. Guillory decided to liquidate Perco, Inc., and proceedings to do so were instituted on October 8, 1974, with Mr. Guillory appointed to act as liquidator.
The original agreement to purchase expired on October 14, 1974. Following a conference with defendants' attorney and tax advisor, and in accordance with their instructions, Mr. Farrier prepared a second agreement to purchase, showing Mr. and Mrs. Guillory as the owners and sellers of the property. This agreement was executed by Rosal on October 18, 1974, and accepted by the Guillorys, individually, on the same date, in the following terms:
"I/We accept the above offer and agree to pay Charles H. Farrier, Realtor, for professional services rendered the sum of $20,000.00, $5,000 at act of sale, Bal. 90 days . . . ."
At the time of the execution of the above agreement, and thereafter, the owner of the property to be sold was Perco, Inc., in Liquidation. On November 14, 1974, an act of sale from Perco, Inc., in Liquidation, to Rosal Investment Corporation was executed. Mr. Farrier was paid the first $5,000.00 of his commission at that time.
In this suit for the $15,000.00 balance due on his commission, Mr. Farrier alleges that the agreement to pay his commission is in the form of a promissory note, and alternatively, if not a note, constitutes a binding obligation to pay.
The defendants assert that they, as individuals, were never the owners of the property sold to Rosal, and that they never intended to bind themselves personally for the payment of the commission.
The trial judge found that the agreement to pay the commission was not in the form of a promissory note, but held that, in executing it, the defendants had made a stipulation pour autrui, by virtue of which they agreed to pay the debt of Perco, Inc., and that plaintiff was therefore entitled to recover.
In this court, defendants contest the correctness of the latter determination. In addition, they have filed peremptory exceptions of no cause and no right of action, and non-joinder of an indispensable party, Perco, Inc., in Liquidation.
We find that the record establishes that, at the time of the execution of the second agreement to purchase by the defendants, the plaintiff reasonably believed that they were, or soon would be, the legal owners of the property covered thereby. He had drawn the agreement in accordance with the instructions of the Guillorys' legal and tax advisors, and it was signed by the defendants without objection on their part.
It has been held that "There is nothing wrong or illegal in promising to sell the *1169 property of another. The promissor may be a confidential agent of the owner or he may anticipate the acquisition of the property." Codifer v. Holdsworth, 7 La.App. 395 (1 Cir. 1928); Richardson v. Charles Kirsch & Co., 189 So. 146 (Orl.La.App.1939); Wendel v. Dixon Real Estate Company, 232 So.2d 791 (La.App. 4 Cir. 1970). In such a case, if the promissor cannot deliver, he can be held to the penalty provisions of the contract, even though the enforcement of specific performance may be impossible. Wendel v. Dixon Real Estate Company, supra.
It is also clear that the right of the real estate agent to his commission is generally not dependent upon the validity of the title of the seller, or upon the eventual passing of the act of sale, and his commission is earned when the agreement to purchase is executed, although it is generally payable later. See Leaman v. Rauschkolb, 199 So. 663, on rehearing 1 So.2d 338 (Orl. La.App.1941); Doll v. Russo, 7 So.2d 406 (Orl.La.App.1942).
We can see no reason why the same reasoning should not apply to this fact situation, and the signers of the agreement be held personally liable for the commission of the agent, particularly in view of the fact that the sale was actually executed, and Rosal received what it had bargained for in the agreement to purchase.
In view of the foregoing conclusion, we find that the peremptory exceptions filed in this court by defendants are without merit.
The judgment appealed from is therefore affirmed, at defendants' cost.
AFFIRMED.