EDWARDS, Judge.
This is a suit, brought by Bob Burke, Inc., and LaFleur and Fontenot, Inc., to collect a real estate commission from the defendants, Monroe N. Fleniken and Marion Browning Fleniken. Plaintiffs have appealed a final judgment in favor of the defendants.
Mr. and Mrs. Fleniken owned two tracts of land in East Baton Rouge Parish which they desired to sell. On January 29, 1972, they entered into a ninety (90) day exclusive real estate listing agreement with plaintiff, LaFleur and Fontenot, Inc., for the sale of the smaller of the two tracts. This agreement was subsequently extended by the Flenikens. On March 21, 1972, they also entered into a ninety (90) day exclusive listing agreement with plaintiff, Bob Burke, Inc., for the sale of the larger tract.
Through the plaintiffs’ joint efforts, Charles C. Cloy entered into two separate option agreements for the purchase of the two tracts of land on July 10, 1972. Each option specifically provided for the payment by the vendor of a ten percent (10%) real estate commission. LaFleur and Fontenot, Inc., was to receive the whole commission on the smaller tract, but was to share jointly with Bob Burke, Inc., the commission on the larger tract.
On July 10, 1973, Louis E. Doherty, Jr., purchased the options on the Flenikens’ property from Mr. Cloy. It is conceded that this transfer was obtained through the efforts of the plaintiffs. At that time, the options had been extended through December 10, 1973.
Shortly before the options were due to expire, Mr. Doherty informed plaintiffs that it would be necessary to obtain another extension on the two options. Mr. LaFleur contacted the Flenikens about obtaining the extension, but was unsuccessful in persuading them to grant it. The options expired on December 10, 1973 by their own terms when they were not exercised by Mr. Do-herty.
Though the Flenikens had refused Mr. LaFleur’s request for an extension, they granted a new option covering both tracts of land to Mr. Doherty four (4) days after the original options expired. This new option, dated December 14, 1973, was negotiated directly between the Flenikens and Mr. Doherty without the participation of the plaintiffs. It provided for the sale of the same properties between the same parties and at the same aggregate price, except that the obligation for any real estate commission which might be due was shifted to the purchaser.
On February 13, 1974, Mr. Doherty exercised this new option and subsequently advised the Flenikens that March 11,1974 was to be the date of the sale. It is conceded that Mr. Doherty was ready, willing and able to purchase the property; however the Flenikens refused to appear at the place and time to pass the sale and advised Do-herty that they would not execute the sale. As a result, the property was never sold to Mr. Doherty.
The Flenikens ultimately sold the property to another purchaser who, it is conceded, was not attracted to the property through the efforts of the plaintiffs. A six percent (6%) real estate commission was paid to another relator in connection with that sale.
The Trial Judge states the following in his written reasons for judgment:
“The single question presented by this case is whether plaintiffs are entitled to a real estate commission.
“The jurisprudence is clear that a real estate broker whose efforts are the ‘procuring cause’ of a sale is entitled to be paid his commission even though the sale is not consummated until after the expiration of the contract of the agency. Womack Agencies v. Fisher, 86 So.2d 732 (La.App. 1st Cir. 1956). And ‘procuring cause’, as defined in 12 C.J.S. Brokers § 91 and cited in Gement v. Doby, 246 So.2d 253 (La.App. 1st Cir. 1971), is said to refer to a cause originating or setting in motion a series of events which, without break in their continuity, result in the accomplishment of the prime object of the employment of the broker, which may variously be a sale or exchange of the principal’s property an ultimate agree- *756 merit between the principal and a prospective contracting party, or the procurement of a purchaser who is ready willing and able to buy on the (sic) vendor’s terms.
“However, it is the opinion of this Court that on the basis of the facts presented, plaintiffs were not the procuring cause of any resulting transaction between defendants and Mr. Doherty
“Though the plaintiff real estate agents made efforts to have the defendants renew the earlier option in favor of Mr. Doherty they were unable to do so. It was at this point that a break in the continuity of the chain of events toward a sale of the property as set in motion by the plaintiffs, occurred .
“It may be argued that the fact it was only four days later when the defendants granted a similar option to Mr. Doherty on the same property would indicate that the defendants granted the new option in order to avoid the payment of any real estate commission. The Court is of the opinion that this was not the motive of the defendants .
“Therefore, it is the opinion of this Court that defendants were not acting in defraud of any rights of the plaintiffs when they refused to extend the old option and later granted a new one. The fact that Mr. Doherty was later ready, willing and able to exercise this new option is of no consequence to the plaintiffs since they had played no part in the procuring of it . . . ”
Plaintiffs contend that the trial court erred in finding that there was a break in the chain of events ultimately leading to a purchaser ready, willing and able to buy the Flenikens’ property.
Our examination of the record and the applicable law reveals that plaintiffs’ contention is well founded.
Admittedly, Mr. Doherty was introduced to the property and induced to purchase the Cloy options through plaintiffs’ efforts. Mr. Doherty did not thereafter abandon his interest in the property; on the contrary when he realized that he would be unable to exercise the options, he sought, through the plaintiffs, an extension on the options. The fact that the Flenikens refused to grant an extension, but instead gave Mr. Doherty a new option substantially the same as the original options, does not destroy the causal connection, i. e. continuity, between plaintiffs’ efforts and the contemplated sale to Doherty.
We find that though negotiations were temporarily discontinued when the original options were not extended, the prior efforts of the plaintiffs remained as the “procuring cause” of the subsequent option granted on December 14, 1973.
Having determined the plaintiffs were the procuring cause of the December 14 option, we must then consider whether or not a real estate commission is due.
Though a sale is not consummated, a real estate agent may collect a commission when he has procured a purchaser ready, willing and able to buy on the vendor’s terms and the sale is prevented because of the vendor’s fault or inability to furnish title. Mathews Bros. v. Bernius, 169 La. 1069, 126 So. 556 (1930); Olympic Homes, Inc. v. Ory, 207 So.2d 258 (La.App. 1st Cir. 1968).
The Flenikens concede that on March 11, 1974, Doherty was ready, willing and able to execute the sale and accept title to the property. Further, they concede that they did not appear for the sale and that they advised Doherty that they would not execute the sale.
These facts clearly indicate that plaintiffs are entitled to their commission as provided in the original options.
For the reasons assigned, the judgment of the trial court is reversed and set aside and judgment is rendered in favor of LaFleur and Fontenot, Inc. and against the defendants, Monroe N. Fleniken and Marion Browning Fleniken, in the full sum of Three Thousand Seven Hundred Fifty and No/100 ($3,750.00) Dollars, together with legal interest from date of judicial demand *757 until paid; and judgment is also rendered in favor of LaFleur and Fontenot, Inc. and Bob Burke, Inc., jointly against the defendants, Monroe N. Fleniken and Marion Browning Fleniken, in the full sum of Thirteen Thousand Seven Hundred Fifty and No/100 ($13,750.00) Dollars together with legal interest from date of judicial demand until paid. All costs are to be borne by the defendants.
REVERSED AND RENDERED.