**J. Randolph GREGSON, Plaintiff–Appellee,**

**v.**

**UNITED LIFE AND ACCIDENT INSURANCE COMPANY, Defendant–Appellant.**

**No. 79–1107.**

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1980.

Ben C. Toledano, Ralph R. Alexis, III, New Orleans, La., for defendant–appellant.

Donald V. Organ, New Orleans, La., for plaintiff–appellee.

Before CHARLES CLARK, TJOFLAT and GARZA, Circuit Judges.

PER CURIAM:

J. Randolph Gregson, an agent of United Life and Accident Insurance Company, sues the company for a commission on a United Life insurance policy sold by Gregson to William H. Henderson. We hold that Greg-

son is entitled to his commission and affirm the judgment of the trial court.

Shortly after becoming an agent of United Life, Gregson initiated an application for life insurance on Henderson's behalf. The application materials submitted to United Life included medical reports indicating that Henderson suffered from chest pains and other symptoms of coronary dysfunction. On the application form, however, Henderson responded "no" to a question asking whether he had experienced any signs of heart disorder. Without examining the medical reports, and in spite of information supplied by Gregson that another insurance company had insured Henderson at relatively high premium rates, United Life issued a policy to Henderson at advantageous "Table B" premium rates. The trial court found that the company should have been aware of Henderson's coronary problems, that Henderson had not misrepresented his physical condition, and that any mistake in issuing the policy at the favorable rates was a unilateral mistake on the part of United Life. United Life discovered its mistake shortly after the policy was issued and delivered. When United Life attempted to rescind the contract, Henderson refused to acquiesce in the rescission. He tendered premium payments for three years before his death, all of which United Life either refused or refunded.[1]

United Life contends that the insurance policy issued to Henderson was void *ab initio* because of the company's unilateral mistake in issuing the policy while unaware of Henderson's physical condition, citing *Humble Oil & Refining Co. v. Chappuis*, 239 So.2d 400 (La.App. 1970). United Life concludes that, because the policy is void, Gregson is entitled to no commission. Gregson argues that the trial court correctly found that United Life was negligent in failing to discover Henderson's history of heart trouble. Gregson urges that even if the policy is void as to Henderson, the company can-

not invoke its own negligence to avoid its separate contractual obligation to him.

Gregson's contract with United Life provided that Gregson would be paid "commissions on first year and renewal premiums actually received by the Company on policies procured and written by [the agent] ... and issued and delivered under the terms of this agreement." The evidence below is uncontradicted that the Henderson policy was "procured and written" by Gregson, and that the policy was "issued and delivered" under the terms of the agreement. The only other element necessary to establish Gregson's contractual entitlement to a commission is that the premiums tendered by Henderson be "actually received" by United Life.

■ The parties stipulated that Henderson tendered all premium payments due on his policy. It further appears from the record that at least some of these premium payments were received by United Life. These facts are sufficient to constitute "actual receipt." Thus, all conditions of the contract between Gregson and United Life were fully performed, despite the fact that United Life subsequently offered to refund all premiums paid and attempted to cancel Henderson's policy. Under Louisiana law, one party to a contract cannot rescind the contract after receiving full performance from the other. *See, e. g., Lillis v. Owens,* 21 So.2d 185, 187–88 (La.App. 1945). Applying this principle in real estate cases, Louisiana courts have held that "[t]hough a sale is not consummated, a real estate agent may collect a commission when he has procured a purchaser ready, willing and able to buy on the vendor's terms and the sale is prevented because of the vendor's fault." *Bob Burke, Inc. v. Fleniken,* 346 So.2d 754, 756 (La.App. 1977); *see also Farrier v. Guillory,* 342 So.2d 1167, 1169 (La.App. 1977). These principles persuade us that Gregson is entitled to his commission. By declaring

---

1. United Life ultimately received twelve quarterly premiums from Henderson's estate under a settlement agreement between the company and Henderson's heirs. Because evidence of the settlement was presented for the first time

on appeal, however, and because the trial record is sufficient to support our decision, we do not base our holding on the settlement agreement.

its insurance policy with Henderson void, United Life cannot unilaterally breach its matured obligation to pay Gregson the commission it contracted to pay upon his full performance.

The fault, if any there was, in improvidently issuing and delivering Henderson's policy and actually receiving his premium payments was wholly that of United Life. Gregson's performance under his separate agent's contract was faultless. United Life cannot impose any portion of the cost of its error on him.

The judgment of the trial court is

AFFIRMED.