### No. 2884.

HENRIETTA CROCKER and als. *v.* J. F. HOAG and CHARLES H. REED.

| 25 | 159 |
|----|-----|
| 52 | 1754 |

Where A had the right to sell the share she claimed to have in a piece of property, it is immaterial to inquire whether she owned any portion of said property. Having sold the whole of it and received the price thereof, she was bound to complete the title, and the moment she acquired the same, it inured to and vested in her vendees. Their title became as complete as if she had executed to them a deed immediately after she had acquired said property. Her reconveyance of it to him from whom she had purchased it, passed no title. It was the sale of another's property, and therefore a nullity.

APPEAL from the Seventh District Court, parish of Orleans. *Collens,* J. *Trist & Oliver,* for plaintiffs and appellees. *Whitaker & Rice,* and *Fellows & Mills,* for defendant and appellant.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly and Morgan.

. WYLY, J. This is a petitory action against the defendants for certain property situated on Rousseau street, described in the petition. Hoag being only the tenant of Reed makes no defense. The property belonged to Elkanah Reed, who died in 1850, leaving a widow and two children, the defendant, Charles H., about six years old, and Sarah Ann, aged about eighteen months. In 1851 Sarah Ann died. In 1853 the widow owning one undivided portion of said property, being 155–512 thereof, the share inherited from her deceased daughter, conveyed to the plaintiffs by notarial act, duly recorded, the whole property, stipulating that, "if hereafter any claim should be urged or set up to any portion of the above described property on account of the only surviving heir and minor child of the deceased Elkanah Reed, named Charles Henry Reed, she, the said vendor, hereby agrees and

Henrietta Crocker and als. v. Hoag and Reed.

·obligates herself to satisfy and extinguish such claim without preju-
dice or loss to the purchasers."

In February, 1868, the defendant, Charles H. Reed, being of full
·age, conveyed by notarial act his undivided shares, being 357–512
parts thereof, of said property to his mother, the vendor of the plain-
tiffs. The deed was duly recorded and the consideration was ac-
knowledged to be $8000 cash.

In January, 1869, the property was reconveyed to Charles H. Reed
by his mother for $7000, three thousand cash and the balance evi-
denced by a note. The plaintiffs contend that although their vendor
·only owned part of the property in 1853, she sold the whole of it to
them, and that their title became complete in 1868 when Charles H.
Reed conveyed his share or interest in the property to his mother;
that this sale inured to their benefit. To this the respondent replies,
that the title set up by the plaintiffs is null and void; because his
mother sold them the property in 1853, without any order or authority
·of the court having jurisdiction of the estate of Elkanah Reed; that
the signature of his mother to said act was obtained by fraud and
·(procured to be) made thereto by one Elisha Croker, who pretended
to act for petitioners, and that said act was passed without consider-
·ation. He further pleads that said property was conveyed to him by
·his mother by authentic act on fifteenth January, 1869. The plea of
fraud and failure of consideration is not sustained by the evidence.
Whether there was an order of court or not, the mother of the re-.
·spondent had the right to sell her share of the property. Whether
she owned any of the property or not, is immaterial, having received
the price for the whole property, the mother of the respondent was
·bound to complete the title, and the moment she acquired it in 1868,
it inured to and vested in her vendees, the plaintiffs. Their title be-
came as complete as if she had executed to them a deed immediately
after receiving title from her son.

The reconveyance to Charles H. Reed in 1869, passed no title, be-
·cause the moment he deeded the property to his mother in 1868, the
title instantaneously passed to her vendees, the plaintiffs. It was the
·sale of another's property and therefore a nullity.

We therefore conclude that the judgment herein in favor of the
plaintiffs is correct.

Judgment affirmed.

See 9 La. 99;. 5 An. 532; 12 La. 170; 5 N. S. 247; 12 M. 187; Re-
·vised Code 3144, 3304; 18 An. 321.

Rehearing refused.