MONROE, J.
Plaintiff obtained judgment against Industrial Lumber Company, J. W. Frellsen & Co., and Calcasieu Pine Company, decreeing it to be the owner, entitled to possession, of the E. % of S. E. % of section 33, township 3 S., range 3 W., and further decreeing that the muniments of title set up by the parties mentioned are of no effect, and enjoining Calcasieu Pine Company from trespassing on said land. Calcasieu Pine Company has appealed.
It appears, from the record that the state of Louisiana patented the land in question to Samuel R. Prentiss on May 30, 1883; that on June 27, 1905, Prentiss sold it to plaintiff ; that the warrant upon which the patent was issued was what is known as “McEnery scrip,” being land scrip issued to John Mc-Enery in payment of services for recovering land for the state, under a contract with the then Governor, Wiltz, of date March 20,1880,
It further appears that Industrial Lumber Company and J. W. Frellson & Co. disclaimed title, and that Calcasieu Pine Company was brought into the case as the real party in interest, and, setting up title through mesne ■ conveyances, under a patent issued by the state on April 3, 1889, to James Ellis, trustee, admitted the authenticity of the muniments of title exhibited by plaintiff, but denied that they vested title in plaintiff, and alleged that the apparent conveyance, or patent, from the state of Louisiana to Samuel R. Prentiss, was without legal warrant or authority.
We learn, from the briefs, that the ground upon which appellant relies is that the law, under which the contract with McEnery purports to have been made, contemplated that he should be compensated out of what he recovered; that the contract, as made and under which he received scrip to be located on any land owned by the state, was therefore unauthorized; and hence that the patent relied on by plaintiff, having been issued, for such scrip, was issued without legal authority.
We have heretofore held that patents issued by the state to the holders of the Mc-Enery scrip are conclusive against the state, and against all persons claiming under junior titles from the state, until annulled by a court of competent jurisdiction, in a proceeding brought by the state for that purpose. Smith et al. v. Crandall et al., 118 La. 1052, 43 South. 699; J. W. Frellsen & Co. v. Crandell, 120 La. 712, 45 South. 558. And the ruling has been affirmed by the Supreme Court of the United States. Frellsen & Co. v. Crandell, 217 U. S. 71, 30 Sup. Ct. 490, 54 L. Ed. 670.
We find no reason to change our opinion, and no necessity for repeating here the reasons on which it is based.
For the reasons assigned in the cases above *1060 cited, therefore, it is ordered, adjudged, and decreed that the judgment herein appealed from be affirmed.