(76 South. 327)

No. 20893.

STATE ex rel. ATCHAFALAYA BASIN
LEVEE BOARD v. CAPDERVIELLE,
State Auditor, et al.

(June 11, 1917.)

*(Syllabus by the Court.)*

1. PUBLIC LANDS ⬥66 — DISPOSITION BY
STATE—QUESTION BY MINISTERIAL OFFICER.

Whether the state of Louisiana disposes of
lands acquired by grants from the United States
in accordance with the purposes for which the
grants may be thought to have been made is a
matter that lies between the state and the Unit-
ed States, and is not to be raised by an officer
upon whom the state imposes the ministerial du-
ty of conveying the lands to a particular state
agency created for a particular purpose.

2. MANDAMUS ⬥86—PUBLIC LANDS ⬥66—
DONATION BY STATE OF LOUISIANA — AC-
CEPTANCE—STATUTE.

Act No. 97 of 1890 contemplates that the
donation of land to the Atchafalaya basin levee
board therein contained should stand open, in-
definitely, for acceptance, and that the land
should be conveyed to the board, from time to
time, as requested by it, and that act is unaffect-
ed by Act No. 215 of 1908; hence the request
which the board now makes of the state auditor
and register of the state land office to execute
conveyances of the land so donated is as well
within the law as it has ever been, and, as the
ministerial duty rests upon those officers to com-
ply with that request, mandamus will lie to com-
pel such compliance.

Appeal from Twenty-Second Judicial Dis-
trict Court, Parish of East Baton Rouge;
H. F. Brunot, Judge.

Mandamus by the State, on relation of the
Atchafalaya Basin Levee Board against Paul
Capdervielle, State Auditor, and others.
Judgment for plaintiff, and defendants ap-
peal. Affirmed.

A. V. Coco, Atty. Gen., and Harry Gamble,
Asst. Atty. Gen., for appellants. J. H. Mor-
rison, Dist. Atty., of New Roads, and Alexis
Brian, of New Orleans, for relator.

MONROE, C. J. [1] This is an appeal by
the state auditor and the register of the
state land office from a judgment making
peremptory a writ of mandamus, directing
them to convey to relator, by a proper instru-
ment a certain tract of land, described as the
W. ½ of N. E. ¼ of sec. 27, T. 12, S. R. 12
E., lying within the Atchafalaya basin levee
district as created by Act 97 of 1890, and
alleged to have been granted to relator by
that act. It is conceded that the tract in
question is situated as thus stated, and was
included among lands granted to the state by
the act of Congress approved September 4,
1841 (5 Stat. c. 16), for internal improve-
ments, such as roads, railways, bridges, ca-
nals, improvements of water courses and
draining of swamps, but respondents allege
that it did not pass to relator under Act 97
of 1900 for the reason that it could be dis-
posed of by the state only for the purposes
for which it had been granted. Moreover, it
is said that the alleged grant by the state
has been, in effect repealed by Act 215 of
1908. As to the first ground of defense, it is
sufficient to say that the question whether
the state disposes of lands acquired from the
United States in accordance with the terms
of the grants by which they were acquired
is one which lies between the state and the
United States, and cannot be raised by an
officer upon whom the state has imposed the
ministerial duty of conveying the lands to
persons designated, and under conditions pre-
scribed, by her. If the purpose of such
grant is disregarded, the United States, be-
ing the injured party alone, has a standing
to complain. United States v. Louisiana,
127 U. S. 182, 8 Sup. Ct. 1047, 32 L. Ed. 66;
Hagar v. Reclamation District, 111 U. S. 701,
4 Sup. Ct. 663, 28 L. Ed. 569; Mills County
v. Burlington & M. River R. Co., 107 U. S.
557, 2 Sup. Ct. 654, 27 L. Ed. 578; Emigrant
Co. v. Adams County, 100 U. S. 61, 25 L. Ed.
563; Emigrant Co. v. Wright, 97 U. S. 339, 24
L. Ed. 912. Considering the remaining
ground relied on by respondents, we do not
find that Act 215 of 1908 has any application
to land which had been granted by the state

to its levee boards, save that it makes the same provision with regard to the sale of such lands to would-be purchasers as with regard to lands not so granted.

It is said that the grant to relator did not vest title until supplemented by acts of conveyance, to be executed by the auditor and register. It has, however, several times been held by this court that such grants, at least operate to withdraw the lands affected by them from the market. McDade v. Bossier Levee Board, 109 La. 627, 33 South. 628; Hall v. Levee Board, 111 La. 913, 35 South. 976; Hartigan v. Weaver, 126 La. 492, 52 South. 674.

[2] The levee boards are mere state agencies, and, as between them and the state, the state is at liberty to cancel donations of land, made to them, whether acts of conveyance have been executed or not. But the donation to relator has not been canceled, and the unrepealed act in which it is contained, after declaring that:

"All lands, now belonging, or that may hereafter belong, to the state of Louisiana, and embraced within the limits of the levee district as herein constituted, shall be, and the same hereby are, given, granted, bargained, donated, conveyed and delivered unto said board of levee commissioners"

—and, after providing that a delay of six months should be allowed for the redemption of lands which may have been acquired by the state at tax sales, further declared that:

"After the expiration of said six months, it shall be the duty of the auditor and the register * * * to convey to the said board, by proper instruments of conveyance, the lands hereby granted or intended to be granted to said board, whenever, from time to time, said auditor and said register * * * or either of them, shall be requested to do so by said board * * * or by the president thereof, and, thereafter, said president * * * shall cause said conveyances to be properly recorded in the * * * respective parishes where said lands are or may be located, and, when said conveyances are so recorded, the title to the said land, with the possession thereof, shall, from thenceforth, vest absolutely in said board," etc.

It was therefore within the contemplation of the act that the donation should stand and remain open to acceptance and confirmation indefinitely and the request which the board now makes of the auditor and register is as well within the law as though it had been made immediately upon the expiration of the six months allowed the former owner and tax debtor within which to redeem.

The judgment appealed from is therefore Affirmed.