(79 South. 173)

No. 22734.

ATCHAFALAYA LAND CO., Limited, v. GRACE, Register, et al.

(June 29, 1918.)

*(Syllabus by the Court.)*

PUBLIC LANDS ☞61(12)—PURCHASER FROM COMMISSIONERS OF LEVEE DISTRICT—SALE—INJUNCTION.

A purchaser from the board of commissioners of the Atchafalaya Basin levee district of land donated to it by Act No. 97 of 1890, has a standing in court to protect his title, by staying a sale of such land by the register of the land office to a third person under the supposed authority of Act No. 215 of 1908, though the act of conveyance of the land from the state to the board may not have been executed.

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Suit for an injunction by the Atchafalaya Land Company, Limited, against Fred J. Grace, Register, and Wade O. Martin, Sheriff, of St. Martin Parish. From a judgment perpetuating an injunction, defendants appeal. Affirmed.

A. V. Coco, Atty. Gen., and Harry Gamble, Asst. Atty. Gen., for appellants. Burke & Smith and F. E. Delahoussaye, all of New Iberia, for appellee.

MONROE, C. J. Defendants prosecute this appeal from a judgment perpetuating an injunction restraining them from selling, under the supposed authority of Act No. 215 of 1908, a certain 40-acre tract of land, described as S. W. ¼ of N. W. ¼ of Sec. 7, T. 13 S., R. 12 E., to which plaintiff sets up title as having been acquired, through mesne conveyances from the board of commissioners of the Atchafalaya Basin levee district, to which it was donated by Act No. 97 of 1890. The contention on behalf of defendants is that, pursuant to the donation declared by the act of 1890, though the board of commissioners might demand a title to the tract in question, and though, for a valuable consideration, the board, by two acts, respectively, promised to convey, and did convey, the tract in question to plaintiff's author, yet that plaintiff cannot exercise that right, because by Act No. 215 of 1908 the General Assembly declared all applications for entry or purchase of public lands of the state, then on file, to be null, and prescribed a particular method whereby they should thereafter be sold. This court has, several times, had occasion to consider the effect of the grants contained in Act No. 97 of 1890, and similar statutes, and of Act No. 215 of 1908, when construed therewith, and has held the statute last mentioned to be inapplicable to claims for lands granted under those first mentioned, or under contracts with the grantees; that, in effect, the state had parted with the lands donated to the levee boards; that they were not thereafter open to entry as "public lands of the state," and that, having been subjected to the disposition of the levee boards, the contracts made by those boards with reference to them could not be affected by subsequent legislation. McDade v. Bossier Levee Board, 109 La. 640, 33 South. 628; Hall v. Board, 111 La. 913, 35 South. 976; Hartigan v. Weaver, 126 La. 492, 52 South. 674; State v. Capdevielle, Auditor, 128 La. 283, 54 South. 820. The most recent case upon the subject is State ex rel. Atchafalaya Basin Levee Board v. Capdevielle, Auditor, 142 La. 111, 76 South. 327, in which it was held (quoting from the syllabus) that:

"Act No. 97 of 1890 contemplates that the donation of land to the Atchafalaya Basin levee board therein contained should stand open, indefinitely, for acceptance, and that the land should be conveyed to the board, from time to

time, as requested by it, and that act is unaffected by Act No. 215 of 1908; hence the request which the board now makes of the state auditor and register of the state land office to execute conveyances of the land so donated is as well within the law as it has ever been, and, as the ministerial duty rests upon those officers to comply with that request, mandamus will lie to compel such compliance."

Applying that ruling to the instant case, we can discover no appreciable difference between the position of the plaintiff herein, standing in the place and exercising the rights of the board of commissioners (which by its contract it is expressly authorized to do) and the board itself, if it were before the court, instead of its transferee; and as the board (as between it and defendants) would have the right to demand a title to the land in dispute, so its transferee has the right to protect the title acquired from the board by staying defendants in their attempts to sell the land to a third person.

The judgment appealed from is therefore affirmed.