O’NIELL, J.
Defendants appeal from a judgment making absolute a writ of mandamus, commanding the register of the land office and the State Auditor to cancel a land patent held by the codefendant Mrs. Judith Hyams Douglas, and to issue a certificate of conveyance to the board of commissioners of the Caddo levee district.
The land in contest, having an area of 80 acres, was conveyed to the state as swamp land, by the acts of Congress of March 2, 1849 (9 Stat. 352, c. 87) and of September 28, 1850 (9 Stat. 519, c. 84 [U. S. Comp. St. §§ 4958-4960]). And it was selected and approved to the state in 1854; that is, many years before the creation of the Caddo levee district, in which the land is located.
By section 9 of the statute creating the levee district, the Act No. 74. of 1892 (page 98), all lands then belonging or that might thereafter belong to the state and embraced within the limits of the district were granted to the board of commissioners. And, by the same section of the statute, it was declared the duty of the State Auditor and of the register of the state land office, on behalf and in the name of the state, to convey to the board of commissioners, by proper instruments of conveyance, all lands thereby granted or intended to be granted and conveyed to the board, whenever from time to time either the auditor or register should be requested to do so by the board of commissioners or by the president of the board. Sections 1 and 9 of the Act No. 74 of 1892 were amended and re-enacted by Act No. 160 of 1900 (page 242), but not so as to affect the title or status of the land in contest.
No certificate or instrument of conveyance of the land in question was issued by the State Auditor or register of the land office to the board of commissioners of the levee district, nor was a certificate or instrument of conveyance requested by the board or by any officer of the board, until the defendant Mrs. Douglas had obtained and recorded a patent from the state purporting to convey the land to her.
Assuming ownership of the land, the board of commissioners sold it to one James L. Gilliam, in January, 1901, by warranty deed which was promptly recorded in the conveyance office of the parish where the land is situated. H. H. Huckaby, who, with the board of commissioners, is coplaintiff or relator in this suit, holds title through mesne conveyances from James L. Gilliam.
Mrs. Douglas obtained her patent on the 18th of April, 1918. Nine days later, the board of commissioners of the levee district requested the register of the state land office to issue a deed of conveyance of the land to the board. The register replied that the land was not subject to transfer to the levee board, because a patent had been issued to Mrs. Douglas; the records of the land office having shown the land as vacant when she made application for it.
*965 [1] Appellants contend that the state alone has authority to bring suit to annul a patent issued by the officers of the land department. In support thereof they rely upon the rulings in Smith v. Crandall, 118 La. 1052, 43 South. 699; J. W. Frellsen & Co. v. Crandell, 120 La. 712, 45 South. 558; Chauvin v. Louisiana Oyster Commission, 121 La. 10, 46 South. 38; and Bowman-Hicks Lumber Co. v. Industrial Lumber Co., 127 La. 1057, 54 South. 349. The decisions referred to do not support appellants’ contention. In Smith v. Crandall, J. W. Frellsen & Co. v. Crandell, and Bowman-Hicks Lumber Co. v. Industrial Lumber Co., the ruling was merely that individuals who had no equity or inceptive right in the land had no authority to sue to compel the register of'the land office to annul an outstanding patent. The plaintiffs, in each case, had tendered the price with their application to the register of the land office to enter the land. They alleged that the outstanding patents, issued on McEnery Scrip, were absolutely null, averring that the statute purporting to give them validity was unconstitutional. It was said, on rehearing of the Frellsen Case, that the court could not declare the outstanding patents null in a collateral proceeding to which the holders of the patents were not parties; and that, as the patents had issued at a time when no one except the state had any claim upon the land, the state alone had authority to sue to cancel or annul the patents. In the case before us, the attack upon the validity of the patent is not a collateral attack, but a direct action, and the holder of the patent is a party defendant The state has no interest in bringing suit to annul the patent held by Mrs. Douglas, because the state disposed of the land by the act creating the levee district, long before Mrs. Douglas obtained her patent. The distinction between the case before us and the eases cited is that the relators in this proceeding had an inceptive right, antedating the claim of Mrs. Douglas. It is true the board of commissioners of the levee district should not have sold the land before obtaining an instrument of conveyance from the State Auditor or the register of the land office. But that is a matter of no interest to Mrs. Douglas, because the board of commissioners, as well as their grantee, is a party plaintiff or relator in this proceeding; and no exception was taken to the parties’ being joined as coplaintiffs or corelators. The decision in Chauvin v. Louisiana Oyster Commission rests entirely upon the ruling that the oyster commission had no authority to question collaterally, in a suit involving title to the land, the validity of a state patent held by Chauvin, antedating the creation of the oyster commission.
[2] When the state had, by the statute creating the Caddo levee district, agreed to transfer to the board any and all lands within the district, the officers of the land department had no authority to issue a patent to any one else for land within the district. Any land in the district, appearing vacant on the records of the land office, was subject at all times to be claimed by the board of commissioners,' so long as the grant was not repealed by legislative act. See Hall v. Board of Commissioners of Bossier Levee District, 111 La. 913, 35 South. 976; Hartigan v. Weaver, 126 La. 492, 52 South. 674; and State ex rel. Atchafalaya Basin Levee Board v. Capdervielle, Auditor, 142 La. 111, 76 South. 327; Atchafalaya Land Co. v. Grace, 143 La. 637, 79 South. 173. The ruling in McDade v. Bossier Levee District, 109 La. 625, 33 South. 628, and in Hall v. Board of Com’rs, 111 La. 913, 35 South. 976, as modified by the opinion delivered on the application for rehearing, is in accord with the opinion expressed here; and we find nothing to the contrary in State v. Cross Lake S. & F. Club, 123 La. 208, 48 South. 891.
The judgment is affirmed.