For these reasons the judgment is affirmed, at appellant's cost.

---

(109 So. 830)

No. 27966.

STATE ex rel. BOARD OF COM'RS of TENSAS BASIN LEVEE DIST. v. GRACE, Register State Land Office, et al.

(June 28, 1926. Rehearing Denied Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

1. Mines and minerals ⬡4—Register of state land office and state auditor held required to certify land to levee district without mineral reservation (Act No. 59 of 1886, § 9, as amended by Act No. 77 of 1888, § 2, and Act No. 103, of 1892, § 1; Const. 1921, art. 4, § 2).

Under Act No. 59 of 1886, § 9, as amended by Act No. 77 of 1888, § 2, and Act No. 103 of 1892, § 1, register of state land office and state auditor *held* required to certify lands within Tensas Basin levee district to that district without reservation, notwithstanding Const. 1921, art. 4, § 2, providing for reservation of mineral rights on all property sold by state, the transfer to the district, a state agency, not being an alienation within the Constitution.

2. Estoppel ⬡62(1).

Levee district's delay for 37 years without effort to have land certified to it under Act No. 59 of 1886, § 9, as amended by Act No. 77 of 1888, § 2, and Act No. 103 of 1892, § 1, *held* not abandonment of its right estopping it from insisting on conveyance.

3. Appeal and error ⬡1078(1).

A defense pleaded but not discussed in appellant's brief will be presumed abandoned.

4. Public lands ⬡61(3).

Prescription of six years provided by Act No. 62 of 1912 for suits to annul patents *held* inapplicable to suit by levee district to compel register and auditor to certify lands within grant made by Act No. 59 of 1886, § 9, as amended by Act No. 77 of 1888, § 2, and Act No. 103 of 1892, § 1.

Appeal from Nineteenth Judicial District Court, Parish of East Baton Rouge; W. Carruth Jones, Judge.

Suit by the State, on the relation of the Board of Commissioners of the Tensas Basin Levee District, for writ of mandamus to be directed against Fred J. Grace, Register of State Land Office, and another. Judgment for the relator granting part only of relief sought, and defendants appeal. Affirmed.

Percy Saint, Atty. Gen., and W. H. Thompson, Asst. Atty. Gen., for appellants.

Theus, Grisham & Davis, of Monroe, for relator.

OVERTON, J. This is a suit praying that a writ of mandamus issue to compel the register of the state land office and the auditor of the state to certify to relator certain lands in the Tensas Basin levee district. The trial court rendered judgment ordering defendants to certify lots 2 and 8 of section 14, township 10 north, Range 1 east, to relator, but did not order them to certify other lands for which the suit was brought, though reserved to relator certain rights, not necessary to mention here, with reference to the remaining lands. Defendants have appealed. Relator is satisfied with the judgment rendered, and hence has asked for no amendment thereof. The only complaint that appellants make in this court is to being required to certify lots 2 and 8. Hence, these lots are the only ones now involved.

[1] The Tensas Basin levee district, as now constituted, was organized by Act 59 of 1886.

The act has been amended several times since its passage. Section 1 of Act 103 of 1892, which amends and re-enacts section 2 of Act 77 of 1888, which in turn amends section 9 of Act 59 of 1886, reads, in part:

"That in order to provide additional means to carry out the purposes of this act and to furnish resources to enable said board [the board of commissioners of the district] to assist in developing, establishing and completing either within or without the state, a system of levee and other works of public improvement, designed to aid in protecting property in the Tensas Basin levee district from disastrous floods, all lands now belonging, or that may hereafter belong to the state of Louisiana, and embraced within the limits of the Tensas Basin levee districts, as herein constituted, shall be, and the same are hereby given, granted, bargained, donated, conveyed and delivered unto said board of levee commissioners of the Tensas Basin levee district whether said lands or [are] parts of the lands originally granted by the Congress of the United States to this state or whether said lands have been, or may hereafter be forfeited to, or bought in by or for, or sold to the state at tax sales for nonpayment. * * *"

The section at this point, after making provision relative to the redemption of property from tax sales, made to the state, provides that:

"After the expiration of said six months (the time given to tax debtors to make certain redemptions) it shall be the duty of the auditor and the register of the state land office on behalf of and in the name of the state, to convey to said board of levee commissioners, by proper instrument of conveyance the lands hereby granted or intended to be granted and conveyed to said board, whenever from time to time said auditor and said register of the state land office or either of them shall be requested to do so by said board of levee commissioners, or by the president thereof; and thereafter the president of said board shall cause said conveyances to be properly recorded in the recorder's office of the respective parishes wherein said lands are or may be located, and when said conveyances are so recorded the title to said lands, with the possession thereof, shall from thenceforth rest absolutely in said board of levee commissioners, its successors or grantees; said lands shall be exempted from taxation after being conveyed to and while they remain in the possession or under the control of said board, said board of levee commissioners shall have the power and authority to sell, mortgage, pledge or otherwise dispose of said lands in such manner and at such times and for such prices as to said board shall seem proper, but all proceeds derived therefrom shall be deposited in the state treasury to the credit of the Tensas Basin levee district, and shall be drawn out only upon the warrants of the president of said board, properly attested as provided by this act."

It has been held under acts making similar grants to other levee boards in the state, worded identically, or practically so, as the present act, that the grants made therein are not grants in præsenti, and do not convey title until proper instruments of conveyance, executed by the auditor and the register of the state land office, are recorded in the parishes where the lands lie. Thus, in State v. Cross Lake Shooting & Fishing Club, 123 La. 208, 48 So. 891, quoting from the syllabus, which correctly states the point decided, it was held that:

"Under Act No. 74, p. 95, of 1892, and Act No. 160, p. 242, of 1900 [worded as is the present act, with reference to the grants there made], the grant of lands made by the state to the board of commissioners of the Caddo levee district is not a grant in præsenti, but is intended to vest in the grantee a disposable title only when proper instruments of conveyance, executed by the state auditor and register of the state land office, are recorded in the parishes where the lands lie."

To the same effect, see McDade v. Bossier Levee Board, 109 La. 625, 33 So. 628; Hartigan v. Weaver, 126 La. 492, 52 So. 674; Atchafalaya Land Co., Limited, v. Dibert, Stark & Brown Cypress Co., Limited, 157 La. 689, 102 So. 871.

It has been also held, under statutes making similar grants, worded, at least substantially, as in the statute making the present grant, that the lands included in such grants remain under legislative control until the instruments called for by the acts making the grants are executed by the auditor and the register. Such is the effect of the rulings in State v. Cross Lake Shooting & Fishing Club, supra; Atchafalaya Basin Levee

Board v. Capdervielle, Auditor, 142 La. 111, 76 So. 327. And in Atchafalaya Land Co. v. F. B. Williams Cypress Co., 146 La. 1047, it was said, on pages 1063 and 1064 of the Louisiana Reports, 84 So. 351, 356, that:

"Until such instruments of conveyance were obtained by the board [referring to conveyances to be executed by the auditor and the register, under a similar act], the lands remained under legislative control by the state. * * * "

Based, in part, upon the wording of the enactment by which the grant involved in this case was made, in part upon the foregoing jurisprudence, and in part upon a constitutional provision to be hereinafter considered, the auditor and the register are of the opinion that they should not convey to the board of commissioners of the levee district the land involved in this appeal. Their position is that the land, never having been conveyed to the board by them or their predecessors, is, as appears from the jurisprudence cited, still under legislative control, and hence was under such control in 1921, and that in that year the grant was partially revoked, recalled, and repealed by a provision forming part of section 2 of article 4 of the Constitution of 1921, and hence, as we appreciate their position, as the demand is for the conveyance of the land as made in the grant without reservation, that they refuse to make the conveyance at all. The constitutional provision referred to reads as follows:

"In all cases the mineral rights on any and all property sold by the state shall be reserved, except where the owner or other person having the right to redeem may buy or reclaim property sold or adjudicated to the state for taxes. This, however, shall not prevent the leasing of such lands and rights for mineral or other purposes."

We think that the auditor and the register are in error when they say that the constitutional provision, cited, repeals, even partially, Act 103 of 1892, in so far as relates to the making of the grant, made in that act, or that it revokes to any extent that grant. The

Tensas Basin levee district was created and organized by the state as a means of discharging its duty to protect the lands in said district from inundation. The district is a state agency, created and continued in existence by the state with the foregoing purpose in view. The state, should it transfer the land to the district, including the mineral rights, in accordance with the grant made by it, would not be parting with the property within the meaning of the constitutional section cited, but would only be placing it under the control of one of its agencies for the purpose of constructing and maintaining levees. The land would, to all practical intents and purposes, still be the property of the state. The district could not sell it without reserving to itself the mineral rights, for the reason that its creator, for whom it holds, could not do so. We see no reason, therefore, in so far as the section of the Constitution, cited, is concerned, why the auditor and the register should not execute the conveyance.

[2-4] Defendants plead, in their answer, that relator is estopped to ask that said land be conveyed to it now, because for 37 years it has made no effort to have the land certified to it, making none until a prospect arose of bringing in an oil field in the vicinity of the property, and hence that relator has abandoned the property. The plea is not discussed in defendant's brief, and for that reason we presume it has been abandoned. The plea cannot be sustained. The act making the grant contemplates that the donation should remain open for acceptance and confirmation indefinitely. Act 103 of 1892. State ex rel. Atchafalaya Basin Levee Board v. Capdervielle, 142 La. 111, 76 So. 327; State ex rel. Board of Commissioners, Caddo Levee District, v. Grace, 145 La. 962–966, 83 So. 206. There is no basis whatever appearing here for a plea of abandonment or estoppel. Defendants also plead the prescription of six years, provided by Act 62 of 1912, against

relator's demand. The plea is not discussed in defendant's brief. The prescription provided by the act relates to suits to annul patents, and hence the plea has no pertinency here.

The land involved in this appeal is within the terms of the grant. We think that the trial judge was correct in ordering defendants to convey it to relator.

For the reasons assigned, the judgment appealed from is affirmed.