(125 So. 619)

No. 29613.

## BOARD OF COM'RS OF TENSAS BASIN LEVEE DIST. v. EARLE et al.

Nov. 4, 1929. Rehearing Denied Jan. 6, 1930.

George Wesley Smith, T. H. McGregor, and Ellis, Ellis & Hunt, all of Rayville, for appellants.

Theus, Grisham & Davis, of Monroe, for appellee.

THOMPSON, J. This is a petitory action to recover 160 acres of land located near the gas fields in the parish of Richland. The land was advertised for sale to effect a partition between the defendants and the plaintiff, coupled with its demand on application for an injunction.

The defendants pleaded estoppel and prescription, which pleas were referred to the merits and then answered, admitting certain allegations of fact not necessary to mention, and alleged ownership under a chain of title fully set out in the answer.

After trial, judgment was rendered adjudging the plaintiff to be the owner of the property and perpetually enjoining the defendants from interfering with that ownership and possession.

There is no controversy over the facts. The land was severed from the national domain in 1860, and passed by sequent conveyances to John M. Sandidge. The last-named owner defaulted in the payment of taxes for 1885, and the land was regularly adjudicated to the state in 1886. The state through its

proper officers under legislative authority transferred the land to the present plaintiff in June, 1889.

On November 9, 1898, the board of commissioners of the Tensas Basin levee district, hereinafter called the levee board, conveyed to the Tensas Delta Land Company, hereinafter called land company, certain lands acquired from the state under description by subdivisions and by metes and bounds. The land here involved, though specially described in the deed from the state to the levee board, was not included by specific description in the deed from said board to the land company. The deed, however, did contain the following general conveyance clause:

"And the said vendor also hereby grants, conveys, transfers and delivers to said vendee all lands in said parish (Richland) which of right now belongs to said Board of Commissioners, legally or equitably, whether herein specifically described or not. * * * "

This deed was executed by the then president of the levee board under a resolution of said board which specifically empowered him to convey to the land company all lands which had been granted the board by the state.

This particular tract of land was assessed to the estate of J. W. Sandidge for 1899, and in 1900 was sold at tax sale to Hudson, Bernstein, and Cummings. From these purchasers the land passed by mesne conveyances to the present defendants.

It seems to be conceded, in fact the record shows and the trial judge so found, that the defendants and their authors in title have held the quiet, peaceful, undisturbed actual adverse possession of the land in good faith for more than ten years prior to this suit. It is also shown that the defendants and their ancestors in title have regularly paid the taxes on the land, including taxes to the levee board, from the date of the tax sale in 1900 down to the date when this suit was filed.

Under this state of facts it is practically conceded that, if the controversy was between private individuals competent to stand in judgment, the defendants' title would be perfected under the plea of prescription of three years as against any attack on the tax title to Hudson et al., and under the plea of prescription of ten years, based on good faith and actual possession under a title translative of property.

The district judge seems to have based his decision on the theory that the title to the land was in the levee board only as agent of the state, and that the assessment to Sandidge and sale thereunder to Hudson et al. was illegal and unauthorized; that the title could not be cured by prescription as against the state and its agent the levee board, nor could either the state or its agent be estopped by the action and conduct of its officers.

In support of his conclusion, the judge among other cases refers to the case of the present plaintiff Board of Com'rs v. Grace, 161 La. 1039, 109 So. 830.

It is true the court in that case did say that the levee district was a state agency, and that the lands conveyed to the levee board would to all practical intents and purposes still be the property of the state, but that was a proceeding by mandamus to compel the defendant to certify the lands to the levee board under a statute requiring him to do so.

The issue was made that since the Constitution of 1921 the state could not make deed to the lands without reserving the minerals, and it was in considering that issue that the court used the expression referred to. There was in that case no question as to prescription running against the levee board in favor of an individual who had acquired rights to

the land as against the claim of the levee board.

It had been repeatedly held prior to the Grace Case, that the levee districts were state agencies created by the state for the purpose of discharging certain public functions for the state. Peart v. Meeker, 45 La. Ann. 421, 12 So. 490; Koerber v. New Orleans Levee Board, 51 La. Ann. 523, 25 So. 415; Atchafalaya Land Co. v. F. B. Williams Cypress Co., 146 La. 1047, 84 So. 351.

In none of these cases, however, was the question whether prescription runs against a state agency presented or considered.

The question whether prescription runs against a levee board was directly presented for the first time in the case of Board of Commissioners of the Caddo Levee District v. Pure Oil Co., 167 La. 811, 120 So. 373, 377, and was decided adversely to the contention made by the levee board in the instant case.

In that case it was stated that the "plaintiff has, and always has had, the right to sue and to be sued in its corporate name. It is a separate entity from the state, created by the state, it is true, to accomplish certain public purposes, but is nevertheless distinct from it."

At the bottom of page 810 of the opinion, 120 So. 376, it is stated:

"It also appears that the first question presented is whether prescription runs against an agency of the state on such a demand. If the question presented involved the loss by prescription of the mineral rights themselves, on land conveyed or certified to a levee district, under the Constitution of 1921, we should most likely hold, in view of the conclusion reached in State ex rel. Board of Commissioners of Tensas Basin Levee District v. Grace, 161 La. 1039, 109 So. 830, that, as the levee district must retain such mineral rights, it could not lose them by prescription, for a state agency cannot lose by prescription that which it must retain, and cannot alienate."

No such question as mentioned in the quotation was presented, and no such question is presented here.

The levee board in the instant case was vested with the power of alienation of both land and minerals during the prescriptive period of ten years before the adoption of the Constitution of 1921.

The court in the case cited based its conclusion on article 3521 of the Civil Code and Board of Commissioners of Port of New Orleans v. Toyo Kisen Kaisha, 163 La. 865, 113 So. 127.

There can be no mistake as to the ruling of the court in the Pure Oil Case, supra. It was that prescription did run against a levee board as a separate entity from the state, vested with the power of alienation and with the right to sue and be sued.

The writer of this opinion dissented from the ruling in that case. He was of the opinion that the levee board, being the creature and agent of the state, although vested with the power of suing and being sued and the power of alienation, was protected by the provision of the Constitution which declared that prescription shall not run against the state in civil matters.

The ruling is now stare decisis, in which the writer humbly acquiesces until such time as a majority of the court should decide to change the ruling.

Having decided to reaffirm the ruling in the two cases last cited, it becomes unnecessary to consider the plea of estoppel.

The judgment appealed from is reversed and set aside, and the demand of the plaintiff is rejected and its suit dismissed.

O'NIELL, C. J., concurs in the result, but is of the opinion that it is not necessary to rule

that prescription runs against the levee board, because the levee board disposed of whatever claim it had to the land by its sale to the Tensas Delta Land Company on the 9th of November, 1898.