BRUNOT, J.
 

 This is a jactitation suit which the defendant converted into a petitory action. The appeal is from a judgment rejecting the defendant’s claims and recognizing the plaintiff’s ownership of the property.
 

 The record discloses that the property involved in the suit came to the state under the swamp land grants, and was approved to the state by the proper federal officers. It is within the limits of the Caddo levee district.
 

 By Act No. 74 of 1892 and Act No. 160 of 1900, the state granted to the Caddo levee, district all swamp lands and lands subject to' overflow in the district, except such as were within the limits of the city' of Shreveport. These were not grants in praesenti, but grants of the exclusive right to the lands, with the right in the board of commissioners of the district to have the lands conveyed to the Caddo levee district by formal act.
 

 The board did not request a formal act of conveyance, but treated the legislative grants as grants in praesenti, and sold parcels of the land to various third persons.
 

 
 *388
 
 The plaintiff claims through J. P. Flournoy, one of said purchasers, and the chain of title from Flournoy to plaintiff is perfect. The validity of Flournoy’s title is set at rest by the decision in Ellerbe v. Grace, 162 La. 846, 111 So. 185, and the authorities there cited.
 

 The defendant claims under a patent from the state issued many years after Flournoy acquired the land from the board of commissioners of the Caddo levee district. It is not’ denied that the patent was issued in violation of prohibitory law. It is contended, however, that the patent is not void, but voidable, and as no action to avoid it was instituted within the prescriptive period established by Act No. 62 of 1912, the validity of the patent cannot now be questioned.
 

 There might be merit in the contention that any attack upon the patent is prescribed if this was a suit to annul the patent. Such, however, is not the ease. This is a jactitation suit, which defendant has converted into a petitory action and, by so doing, has assumed the burden of ■ proving the better title. A sufficient answer to defendant’s contention that the patent she claims under is not void, but voidable, is given in the case of State ex rel. Board of Com’rs v. Grace, 145 La. 962, 83 So. 206. While that was a suit to avoid a patent, and it was brought within the prescriptive period, the court really held that the patent was an absolute nullity. Í
 

 The defendant questions the plaintiff’s alleged possession of the property. This is a question.of fact. The testimony satisfactorily shows that plaintiff had actual possession of the land and that it exercised possession thereof, notably for approximately three years, through a lessee, the Arkansas Oil & Gas Company, and five wells were drilled on the land during that period.
 

 When defendant’converted the suit' into a petitory action, the jactitation suit’ passed out of the case, and whether or not the plaintiff was in the actual possession of the property during the year immediately preceding the filing of its suit is of no consequence. All that was required in the converted action was proof of actual possession, followed by civil possession.
 

 For the reasons stated the judgment is affirmed, at appellant’s cost.