O’NIELL, Chief Justice
 

 (dissenting).
 

 I respectfully submit that the prevailing opinion in this case is contrary to the established jurisprudence maintaining that the general laws relating to the sale of the state’s lands are not applicable to the lands which the state has donated to the several levee districts throughout the state. For example, when the Legislature, by Act No. 215 of 1908, made new provisions for the sale of the “lands belonging to the State,” the register of the state land office and the state auditor contended that the statute was applicable to the lands which the state had granted to the levee boards. But the court held that the effect of the grants to the levee boards was to withdraw the lands so granted from the effect of the general land laws, and hence that Act No. 215 of 1908 was applicable only to the state’s lands not included in any levee board grant. See State ex rel. Atchafalaya Basin Levee Board v. Capdervielle, Auditor, et al., 142 La. 111, 76 So. 327; Atchafalaya Land Co. v. Grace, Register, 143 La. 637, 79 So. 173; State ex rel. Board of Commissioners of Caddo Levee District v. Grace, Register, 145 La. 962, 83 So. 206. The same ruling was made with regard to Act No. 30 of the Extra Session of 1915, authorizing the Governor to grant mineral leases on the state’s lands; and the same ruling was made with regard to Act No. 230 of 1918, providing for the sale of the timber on “the property of the State of Louisiana.” It was held that these statutes were applicable only to the state’s lands that were not embraced in any of the grants to the levee boards. In Board of Commissioners v. Hardtner, 164 La. 632, 114 So. 494, 499, the question was disposed of thus:
 
 *1061
 
 to the several levee boards throughout the state is only a repetition of the argument that was made with regard to the Act 215 of 1908, p. 319, which annulled all applications then pending in the state land office for the entry or purchase of public lands, and provided that thereafter all sales of ‘lands belonging to the state of Louisiana’ should be made at public auction, after 30 days’ advertisement. The repealing clause in the act of 1908, as in the Act 30 of Extra Session 1915 and in the Act 230 of 1918, repealed all laws or parts of laws in conflict therewith. Thereupon the register of the state land office, with the approval of the state auditor, undertook to sell, as ‘lands belonging to the state,’ the lands in the several levee districts, but not yet conveyed to the levee boards by instruments signed by the register and auditor. This court ruled, in State ex rel. Atchafalaya Basin Levee Board v. Capdervielle, Auditor, et al., 142 La. 111, 76 So. 327, and in Atchafalaya Land Co. v. Grace, Register, et al., 143 La. 637, 79 So. 173, and in State ex rel. Board of Commissioners of Caddo Levee District et al. v. Grace, Register, et al., 145 La. 962, 83 So. 206, that the lands which had been granted to the several levee districts, though not yet conveyed to the levee boards by instruments of conveyance signed by the register of the land office and the state auditor, were not to be regarded as ‘lands belonging to the state of Louisiana,’ and that such lands were not subject to entry or purchase at the state land office, because they had been withdrawn from the effect of the general land laws of the state.
 

 
 *1059
 
 “The contention that the Act 30 of Extra Session 1915 and the Act 230 of 1918 partially repealed and revoked by implication the land grants which had been made
 

 
 *1061
 
 “In State ex rel. Atchafalaya Basin Levee Board v. Capdervielle, Auditor, et al., supra, it was said, in the syllabus of the decision:
 

 “ ‘Act No. 97 of 1890 contemplates that the donation of land to the Atchafalaya Basin levee board therein contained should stand open, indefinitely, for acceptance, and that the land should be conveyed to the board, from time to time, as requested by it, and that act is unaffected by Act No. 215 of 1908; hence the request which the board now makes of the state auditor and register of the state land office to execute conveyances of the land so donated is as well within the law as it has ever been, and, as the ministerial duty rests upon those officers to comply with that request, mandamus will lie to compel such compliance.’
 

 “In the text of the decision it was said:
 

 “ ‘It is said that the grant to relator did not vest title until supplemented by acts of conveyance, to be executed by the auditor and register. It has, however, several times been held by this court that such grants, at least, operate to withdraw the lands affected by them from the market. McDade v. Bossier Levee Board, 109 La. [625] 627, 33 So. 628; Hall v. Levee Board, 111 La. 913, 35 So. 976; Hartigan v. Weaver, 126 La. 492, 52 So. 674.’
 

 “In Atchafalaya Land Co. v. Grace, Register, et al., supra, the court said:
 

 “ ‘A purchaser from the board of commissioners of the Atchafalaya Basin levee district of land, donated to it by Act No. 97 of 1890 has a standing in court to protect his title, by staying a sale of such
 
 *1063
 
 land by the register of the land office to a third person under the supposed authority of Act No. 215 of 1908, though the act of conveyance of the land from the state to the board may not have been ex-, ecuted.’
 

 “In State ex rel. Board of Commissioners of Caddo Levee District et al. v. Grace, Register, et al., supra, the court said:
 

 “ ‘When the state had, by the statute creating the Caddo levee district, agreed to transfer to the board any and all lands within the district, the officers of the land department had no authority to issue a patent to any one else for land within the district. Any land in the district, appearing vacant on the records of the land office, was subject at all times to be claimed by the board of commissioners, so long as the grant was not repealed by legislative act.’
 

 “The three decisions which we have just quoted were cited with approval of the doctrine there stated in Atchafalaya Land Co. v. F. B. Williams Cypress Co., 146 La. 1047, 84 So. 351, in Atchafalaya Land Co. v. Dibert, Stark & Brown Cypress Co., 157 La. 689, 102 So. 871, and in Ellerbe v. Grace, Register, 162 La. 846, 111 So. 185.”
 

 In each one of the statutes which, heretofore, have been held inapplicable to the state’s lands that were granted to the levee boards, the repealing clause, in terms, repealed all laws or parts of laws in conflict with or contrary to the provisions of the act. The repealing clauses were as comprehensive, therefore, as is the repealing clause in Act No. 237 of 1924, which repealed all laws, general or special, inconsistent with or contrary to the act of 1924. That clause did not repeal any law that was not inconsistent with or contrary to the act of 1924; and, certainly, there is nothing in any of thé statutes creating the several levee districts that is inconsistent with or contrary to the act of 1924, which provides a method for disposing of lands bid in for the state for unpaid taxes due since January 1, 1880— and which, according to the established rule of construction, is applicable only to lands outside of the several levee districts. There is no force in the argument that the levee board grants are inconsistent with or contrary to Act No. 237 of 1924; because the levee board grants are applicable to the lands,in the levee districts, respectively, and the act of 1924 is applicable to the state’s lands outside of the levee districts. That is what was said of Act No. 215 of 1-908, and of Act No. 30 of the Extra Session of 1915, and of Act No. 230 of 1918. There is no reason why the same interpretation should not be given to Act No. 237 of 1924.
 

 If the Legislature had intended to say, in Act No. 237 of 1924, that all of the levee board grants were thereby repealed so far as all lands bid in for the state for unpaid taxes due since January 1, 1880, were concerned,. the Legislature would have said so. We have'a striking example of such a repealing clause in Act No. 171 of 1902, by which the Legislature authorized the register of the state land office to sell the Cross Lake lands, which were embraced in the grant to the Caddo Levee District. In the repealing clause in that
 
 *1065
 
 act, the Legislature repealed specifically the grant to the Caddo Levee District, so far as the Cross Lake lands were concerned. Referring to that instance, in the Hardtner Case, 164 La. 632, at page 649, 114 So. 494, 500, the court said:
 

 “If the Legislature had intended by the Act 30 of Extra Session 1915 to repeal the grant of the mineral rights, or by the Act 230 of 1918 to repeal the grant of all the forest timber on the lands in all of the levee districts throughout the state, it is not at all likely that the repeal or revocation would have been left to implication instead of being made in unmistakable terms, as it was made in the Act 171 of 1902.”
 

 The reason why the phrase “general or special” was used in the repealing clause in the act of 1924, in defining the laws that were thereby repealed, is that the act of 1924 superseded several laws on the subject of the sale of lands which had been adjudicated to the state for nonpayment of taxes. Some of those laws might have been deemed special laws, and others were undoubtedly general laws. All of them were on the same subject that was dealt with in the act of 1924; and all of them were superseded and repealed by the act of 1924. Hence, in repealing all laws inconsistent with or contrary to the act of 1924, the Legislature, as a matter of certainty, in referring to the previous laws on the subject of selling the lands that had been adjudicated to the state for nonpayment of taxes, used the phrase “general or special.” .1 refer particularly to Act No. 105 of 1874, p.' 154; Act No. 82 of 1884, p. 104; Act No. 80 of 1888, p. 88; Act No. 228 of 1910, p. 386; and Act No. 55 of 1912, p'. 65.
 

 It ,seems quite certain to me that the Legislature could not have had in mind the special laws by which the state had made land grants to the several levee districts throughout the state, when the Legislature used the phrase “general or special,” in defining the inconsistent or contrary laws that were repealed by the act of 1924. The Legislature knew that the repealing of all special laws that were inconsistent with or contrary to the act of 1924 did not have the effect of repealing special laws that were not inconsistent with or contrary to the act of 1924. And ■ the Legislature was informed, by the jurisprudence on the subject, that any general land law that might be enacted, dealing with the state’s lands, would not bé construed as revoking or repealing the land grants which had been made to the several levee districts throughout the state, unless these land grants were referred to in direct and unmistakable terms. ■
 

 I do not see any force in the argument referring to the exception, in the ninth section of the act of 1924, of lands adjudicated to the state since 1920 for nonpayment of acreage taxes or forced contributions levied by a drainage district, by virtue of a vote of the property taxpayers of the district. Such lands are referred to indifferently in the prevailing opinion as “swamp lands.” It is argued that by the exclusion of only these so-called “swamp lands” the Legislature showed an intention to include all other lands — specifically the levee boards’ lands — within the effect of the act of 1924. There was
 
 *1067
 
 no. reason why the Legislature should expressly except from the effect of the act of 1924 the lands which the state had granted to the levee districts; because the Legislature was informed, by the jurisprudence on the subject, that the act of 1924 would not be construed as a revocation or repeal of the land grants which had been made to the levee districts. The drainage districts do not own any lands. No land grant was ever made to a drainage district. The acreage taxes or forced contributions levied by drainage, districts are levied upon lands belonging to individuals. These acreage taxes, levied for the purpose of reclaiming marsh lands, have been heavy burdens, in some instances; hence the special provisions concerning these taxes, in the act of 1924, were intended to prevent the sale to the state of the lands subject to such taxes, and the repurchasing of the lands under the provisions of Act No. 215 of 1908. These provisions in the act of 1924 have no possible significance in support of the argument that the grants which were made to the several levee districts throughout the state were revoked by the act of 1924, as far as property bid in for the state for unpaid taxes since January 1, 1880, were concerned.
 

 There is no reason why the Legislature should have intended, by the act of 1924, to revoke the land grants which had been made to the several levee districts, so far as the tax titles acquired by the state since January 1, 1880, were concerned. And it seems to me quite unreasonable that, if the Legislature had intended that the act of 1924 should have the effect which is attributed to it in the prevailing opinion in this case, the Legislature would have left the matter of such vast importance to mere inference or conjecture. The utter want of any cause that might have induced the Legislature to enact such a law, as the act of 1924 is now construed to be, makes this construction, in the prevailing opinion in this case, violative of the cardinal rule of interpretation of laws — which rule, in article 18 of the Civil Code, is said to be the universal and most effectual rule— viz.: “The universal and most effectual way of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it.” There was no cause for the Legislature to revoke the land grants to the several levee districts throughout the state, so far as the state’s tax titles subsequent to January 1, 1880; were concerned. It is a very simple matter to reconcile the act of 1924 with the acts creating the several levee districts, by saying that the act of 1924 is applicable only to the state’s lands outside of the levee districts — just as we have said consistently of the other general land laws, like Act No. 215 of 1908, and Act No. 30 of the Extra Session of 1915, and Act No. 230 of 1918.
 

 For these reasons I respectfully decline to subscribe to the prevailing opinion or the decree rendered in this case.