Lum Chow and Lin Oye Gee, alleging they own and are in possession of two islands in Grand Bayou, Jefferson Parish, instituted this slander of title suit against The Board of Commissioners for the Lafourche Basin Levee District, from which they deraign their title, for granting oil, gas, and mineral leases affecting portions of the islands to The Texas Company and the Bagby Petroleum Corporation, joining these two lessees and The Gulf Refining Company, the assignee of the Bagby Petroleum Corporation, as parties defendant.
It appears that in Act No. 13 of 1892, creating The Lafourche Basin Levee District, all of the lands belonging to the state within the limits of the levee district were granted the Board of Commissioners for the Lafourche Basin Levee District, the lands to be transferred to it whenever so requested by either the board or its president. In June of 1907, under authority of a special resolution of the Board, but without having all of the land so conveyed certified to it by the state, The Board of Commissioners *Page 270 
for Lafourche Basin Levee District sold the property in controversy to John Alsina, who, in turn, transferred it to Leon Rojas in 1910. The present plaintiffs acquired it from Rojas in 1936, but between the time Rojas purchased the property from Alsina and sold it to plaintiffs, the provision that "the mineral rights on any and all property sold by the State shall be reserved" was incorporated in Section 2 of Article IV of the Constitution adopted in 1921. On September 21, 1935, the levee district had the state certify to it fractional Section 23, Township 19 South, Range 24 East, and on December 8, 1936, all of Section 27 in the same township and range. Then, proceeding upon the theory the mineral rights affecting this property had been reserved in the state since it had not been certified until after the adoption of the Constitution of 1921, the levee board leased the rights affecting fractional Sections 22 and 23 to The Texas Company on September 6, 1935, and those affecting Section 27 to the Bagby Petroleum Corporation on December 17, 1936. In 1938, without mentioning these two leases, the present plaintiffs instituted a slander of title suit against the levee district, seeking to have the certifications of 1935 and 1936 cancelled. They secured a judgment by default recognizing their title to the property, ordering the cancellation of the two instruments of certification, and enjoining the levee district from claiming any right or title to the property. When, despite this judgment, the two leases in favor of The Texas Company and the Bagby Petroleum Corporation remained outstanding against their title and the levee district continued *Page 271 
to assert title to the mineral rights affecting the same, this suit was filed in May 1941. In October thereafter, the levee district again had the state certify this property to it. (Italics ours.)
By admitting the execution of the two leases and asserting its title to the mineral rights affecting the property under Section 2 of Article IV of the Constitution of 1921, because of its acquisition of the property subsequent to the adoption of that constitution, The Board of Commissioners for the Lafourche Basin Levee District converted the suit into a petitory action and prayed that its ownership of these mineral rights be recognized. The Texas Company later released its lease, but the Bagby Petroleum Corporation and its assignee, defending on the same grounds advanced by the board, prayed that the lease held by the Gulf Refining Company be decreed to be valid and subsisting.
Plaintiffs then filed: (1) A plea of prescription of 6, 10, 20, and 30 years; (2) two pleas of estoppel; (3) a plea of res adjudicata, based on the default judgment secured in the district court in 1938; and (4) a plea of the unconstitutionality of Section 2 of Article IV of the Constitution of 1921 if construed to deprive them of their property acquired prior to its adoption without due process of law, as being in contravention of the Fourteenth Amendment to the Constitution of the United States.
There was judgment in favor of the plaintiffs in the lower court, decreeing them to be the owners of the property in question, including the mineral rights, and ordering the lease executed in favor of the *Page 272 
Bagby Petroleum Corporation, as well as its assignment thereof, cancelled. From this judgment, the levee district alone appealed, it appearing the lease held by assignment expired.
It is the settled jurisprudence of this state that where one sells the property of another and later acquires title to the property, the title thus acquired enures to the benefit of his vendee. See Bonin v. Eyssaline, 12 Mart.,O.S., 185; McGuire v. Amelung, 12 Mart.,O.S., 649; Woods v. Kimbal, 5 Mart., N.S., 246; Fenn v. Rils, 9 La. 95; Stokes v. Shackleford, 12 La. 170; Noulen v. Perkins, 3 Rob. 233; Lee v. Ferguson, 5 La.Ann. 532; Hale v. City of New Orleans, 18 La.Ann. 321; Crocker v. Hoag, 25 La.Ann. 159; Edwards v. Fairbanks Gilman, 27 La.Ann. 449; Succession of Dupuy, 33 La.Ann. 277; Benton v. Sentell, 50 La.Ann. 869, 24 So. 297; City of New Orleans v. Riddell, 113 La. 1051, 37 So. 966; Wells v. Blackman, 121 La. 394, 46 So. 437; Wolf v. Carter,131 La. 667, 60 So. 52; Brewer v. New Orleans Land Co., 154 La. 446, 97 So. 605; Ellerbe v. Grace, 162 La. 846, 111 So. 185; St. Landry Oil Gas Co. v. Neal, 166 La. 799, 118 So. 24; Barnett v. State Mineral Board, 193 La. 1055, 192 So. 701; Gailey v. McFarlain, 194 La. 150, 193 So. 570; and Standard Oil Co. of Louisiana v. Allison, 196 La. 838, 200 So. 273. This rule is equally applicable in the case of the sale of mineral rights. St. Landry Oil Gas Co. v. Neal, supra.
But counsel for defendant contend this rule of after-acquired title by the vendor cannot apply to the defendant levee district *Page 273 
because of the express provision in the constitution making it mandatory that all mineral rights on property sold by the state be reserved. In support of this contention counsel argue that these grants of land not being grants in praesenti under the well settled jurisprudence of this state (McDade v. Bossier Levee Board, 109 La. 625, 33 So. 628; State v. Cross Lake Shooting 
Fishing Club, 123 La. 208, 48 So. 891; Hartigan v. Weaver,126 La. 492, 52 So. 674; Atchafalaya Basin Levee Board v. Capdervielle, 142 La. 111, 76 So. 327; Atchafalaya Land Co. v. Grace, 143 La. 637, 79 So. 173; Atchafalaya Land Co. v. F.B. Williams Cypress Co., 146 La. 1047, 84 So. 351; Atchafalaya Land Co. v. Dibert, Stark Brown Cypress Co., 157 La. 689,102 So. 871; Board of Comm'rs of Tensas Basin Levee Dist. v. Grace,161 La. 1039, 109 So. 830; Ellerbe v. Grace, 162 La. 846,111 So. 185; Ballard Island Oil Gas Co. v. Douglas, 172 La. 385,134 So. 257; and Standard Oil Co. of Louisiana v. Allison,196 La. 838, 200 So. 273, 279), the title and possession thereof remaining in the state, subject to withdrawal by the legislature at any time up until they are certified to the levee districts, in accordance with the provisions of the acts creating them, The Lafourche Basin Levee District was powerless, after the adoption of the Constitution of 1921, to transfer the title to the minerals in question to its vendee.
Counsel are in error in this contention, for in our recent decision in the Allison case, supra, where this court had for consideration the rights to the minerals in levee grants as between the levee district *Page 274 
and its successor in title, the property not having been certified to the levee district by the state until after the adoption of the Constitution of 1921 although it was sold previous to that time, we said:
"The law is well settled that where one in proper form, with warranty, conveys title of real estate to another and it subsequently develops that there are some defects therein or that the seller did not have title to the property but later the imperfections are corrected in favor of the vendor or title thereto is acquired by the seller, that the subsequently-acquired rights or title enure to the benefit of the former vendee. Gailey et al. v. McFarlain, 194 La. 150, 193 So. 570, and Barnett v. State Mineral Board, [193 La. 1055, 192 So. 701]."
Moreover, counsel apparently overlook the fact that this property was not sold by the levee district subsequent to the adoption of the Constitution of 1921, but, instead, in 1907, long prior thereto, after due authorization had been given in a special resolution adopted by the board, and that the author in title of the plaintiffs took immediate actual and corporeal and physical possession thereof and continued to so hold it until the date of the institution of this suit, paying all taxes levied against the same, including those levied and collected by the levee district itself for its maintenance and support. When the state did certify the lands to the levee district, title to the minerals passed with the grant (State ex rel. Board of Comm'rs of Tensas Basin Levee District v. Grace, 161 La. 1039, 109 So. 830) and enured at once to the benefit of the levee district's original *Page 275 
vendee and his successors in title, forever estopping the levee district from asserting title thereto.
The conclusion we have reached renders a consideration of the other issues raised unnecessary.
For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost.
ODOM, J., absent.